JACOB B. TALLMAN, Respondent, *v.* JOHN HOEY, Appellant.

A valuable consideration is an essential and necessary element of an equit-
able assignment, and to make an order or direction to pay effectual as an
assignment, it must appear that such a consideration was paid therefor.

(Argued June 6, 1882 ; decided October 10, 1882.)

APPEAL from judgment of the General Term of the Court
of Common Pleas in and for the city and county of New
York, entered upon an order made February 7, 1881, which
affirmed judgment in favor of plaintiff, entered upon a verdict,
and affirmed an order denying a motion for a new trial.

This action was brought to recover a balance of the purchase-
price of certain premises conveyed by plaintiff to defendant.

Defendant admitted that the balance claimed was unpaid,
but set up as a counter-claim an indebtedness of plaintiff to one
Lynch, a real estate broker, for commissions in effecting a sale
of the premises, and an assignment of the claim to defendant.
On the trial defendant gave in evidence the following in-
strument :

EXHIBIT I.

" J. B. TALLMAN :

"Please pay to Mr. John Hoey, or bearer, $850; being
amount of commissions due me on sale of 624 Fifth ave.
    " N. Y., *Jan'y* 18, '72."              " M. A. J. LYNCH."

It did not appear that defendant was indebted to Lynch at
the time of the delivery of said instrument to him, or that he
paid or parted with any thing on receipt thereof.

*Charles Edward Souther* for appellant. It was error to with-
hold from the jury a consideration of the counter-claim, there
being evidence on both sides to support it. (*Morton* v. *Naylor*,
1 Hill, 584 ; *Hall* v. *City of Buffalo*, 1 Keyes, 195 ; *Shuttle-
worth* v. *Bruce*, 7 Rob. 160 ; *Ballou* v. *Boland*, 14 Hun, 359 ;
*Brill* v. *Tuttle*, 81 N. Y. 454.)   The law presumes the assign-

ment to have been upon a good consideration until the contrary appears affirmatively. (*Belden* v. *Meeker,* 47 N. Y. 311 ; *James* v. *Chalmers,* 6 id. 209.) It was not open to the plaintiff to dispute the consideration. (*Mills* v. *Fox,* 4 E. D. Smith, 223 ; *Petersen* v. *Chemical Bk.,* 32 N. Y. 47 ; *Hays* v. *Haythorn,* 74 id. 489, 490; *Stone* v. *Frost,* 61 id. 615; 2 Story's Eq. Jur., § 1057; *Freeman* v. *Falconer,* 45 N. Y. Supr. Ct. 383.) Considering the transaction as an equitable assignment, it was irrevocable in equity as soon as it was delivered to the holders, and at law as soon as it was assented to by the defendant, so far as to require him to appropriate so much of the profits as were equal to the amount of the note, to its payment. (*Munger* v. *Shannon,* 61 N. Y. 258 ; *Menony* v. *Ferrers,* 3 Johns. 71–83 ; *Peyton* v. *Hallett,* 1 Caines, 353 ; *Canfield* v. *Monjer,* 12 Johns. 346 ; 2 Story's Eq. Jur., § 1044; *Wylie* v. *Marine Bk.,* 61 N. Y. 416.) Payment could not be rightly made by plaintiff after notice to him that the claim had for what it was worth been transferred to the defendant. (*Mandeville* v. *Welch,* 5 Wheat. 277; 2 Story's Eq. Jur. [12th ed.], §§ 1040, 1055 ; *Brill* v. *Tuttle,* 81 N. Y. 457 ; 1 Keyes, 199 ; *Crocker* v. *Whitney,* 10 Mass. 319 ; *Cutts* v. *Perkins,* 12 id. 211.)

*William Allan* for respondent. The order given to defendant, by Mr. Lynch, on plaintiff, for payment of his commissions, is a bill of exchange. (Chitty on Bills, 55 ; *Cook* v. *Satterlee,* 6 Cow. 108 ; *Leonard* v. *Mason,* 1 Wend. 522 ; *Enricks* v. *DeMill,* 75 N. Y. 373 ; *Britt* v. *Russell,* 81 id. 454 ; *Atty.-Gen.* v. *Cont. L. Ins. Co.,* 71 id. 325 ; 3 R. S. [Banks' 5th ed.] 68, § 6 ; *Munger* v. *Shannon,* 61 N. Y. 251, 255.) The order denying a new trial, upon the ground of surprise, is not reviewable in this court. (*Sheldon* v. *D. & H. C. Co.,* 29 N. Y. 634 ; *Bedell* v. *Chase,* 34 id. 338 ; *Lawrence* v. *Ely,* 38 id. 42 ; *Tracy* v. *Altmeyer,* 46 id. 598 ; *Scoville* v. *Langdon,* 50 id. 687.) There being no evidence to show that defendant was a creditor of Lynch, there was no fund to appropriate to a creditor. (*Munger* v. *Shannon,* 61 N. Y. 258.) The right to allow further evidence, after a case is deliberately submitted, or to allow a party to withdraw a juror, is one of judicial discre-

.tion. (*Ruggles* v. *Hull*, 14 Johns. 112; *Colton* v. *State*, 4 Tex. 260; *Tilden* v. *Gardner*, 25 Wend. 633; *Sproule* v. *Resolute Fire Ins. Co.*, 1 Lans. 71; *Oakley* v. *Lewis*, 7 Rob. 111; 3 Wait's Pr. 401; *DeLeyer* v. *Michalis*, 5 Abb. 203; *Jackson* v. *Roe*, 9 Johns. 77; *People* v. *Marks*, 10 Hun, 297; *Taylor* v. *Marlen*, 11 How. 285; *Meakin* v. *Anderson*, 11 Barb. 216.) The absence of a material witness is not a ground for a new trial. (*Post* v. *Wright*, 1 Caines, 111.)

FINCH, J. The instrument which is the subject of this litigation is described by the plaintiff as a bill of exchange; and claimed by the defendant to operate as an equitable assignment of the commissions alleged to have been earned by Lynch and due from the plaintiff. If a bill of exchange, Tallman could not be made liable for want of acceptance in writing. If the holder can enforce it at all, it must be upon the ground of an equitable assignment. But the circumstance which justifies and induces that equitable construction which treats as an assignment what is not strictly and legally such, is the existence of a valuable consideration for the imperfect transfer. (*Brill* v. *Tuttle*, 81 N. Y. 457.) It proceeds upon a necessity demanded by the justice of the case, and to obviate an injury or a wrong which would otherwise occur. Where the holder has parted with nothing, and so loses nothing by the application of ordinary legal rules, no pressure of justice requires the intervention and the help of an equitable doctrine. And so it follows that, conceding the order to have been drawn on a particular fund (*Att'y-Gen'l* v. *Continental Life Ins. Co.*, 71 N. Y. 325; 27 Am. Rep. 55), yet the presence of a valuable consideration upon which the order, or direction to pay, was founded, becomes the essential and necessary element of an equitable assignment. That element is wanting in the present case. It is claimed, however, to be supplied by a legal presumption. It is undoubtedly true that where an actual assignment exists it is presumed, in the absence of proof of the facts, to have been made upon adequate consideration. (*Belden* v. *Meeker*, 47 N. Y. 311.) But here no actual assignment was

ever executed. The equitable rule which transforms a mere order into an assignment is brought into play by a just necessity, existing and established, and not by a mere possibility or presumption. But in the case at bar the facts proven repel any such presumption. Not only did both Lynch and Hoey, when upon the witness stand, fail to assert any consideration passing between them for the order on Tallman, but Lynch tells us substantially the contrary. He says that if the order was not paid he expected to get his commissions of Tallman, and afterward did settle with him for them as the real owner to whom they were due. These facts indicate that the order was without actual consideration; that it was held by Hoey merely for collection as the agent and on behalf of Lynch; or at most was an unexecuted and imperfect gift. In neither event could the doctrine of equitable assignment apply. We discover no ground upon which the counter-claim pleaded can rest; and the plaintiff's cause of action for the balance of purchase-money being conceded, a recovery for that was properly allowed.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.