(20 App. Div. 39.)

### SHAW v. TONNS.

(Supreme Court, Appellate Division, Second Department. July 13, 1897.)

ASSIGNMENT OF DEBT.

An order by a creditor on his debtor to pay a third party, stating no consideration, and for which no consideration is proved to exist, does not establish an equitable assignment of the debt.

Appeal from trial term.

Action by Samuel T. Shaw against Lewis N. Tonns. From a judgment in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

Henry W. Baird, for appellant.

Nelson Zabriskie, for respondent.

CULLEN, J. This is an action in replevin, to recover possession of a house boat, brought by the owner against a ship carpenter to whom it had been delivered for the purpose of repairing. But one question is raised on this appeal. The defendant claimed a lien on the boat for the amount due him for work and materials. On the trial the plaintiff showed that the defendant had given Kraemer Bros. the following order:

"College Point, June 25th, 1896.

"Samuel T. Shaw, Esq.—Dear Sir: Will you please pay to Kraemer Bros. the amount of balance on contract, and also on extra work, and charge to my account.

$270 $^{00}/_{100}$
　279 $^{00}/_{100}$
$549 $^{00}/_{100}$　　　　　　　　　　　Capt. L. N. Tonns."

At the close of the evidence the plaintiff asked the court to direct a verdict in his favor on the ground that the order was an equitable assignment to the Kraemers of the defendant's claim, and that the assignment destroyed any lien that the defendant might otherwise have had. This request the court refused, and the cause was submitted upon the other issues to the jury, who found for the defendant. The perfect answer to the appellant's claim is that no equitable assignment is established. The order, on its face, recites no consideration, and the plaintiff neglected to prove that there was in fact any consideration for it. "The presence of a valuable consideration, upon which the order or direction to pay was founded, becomes the essential and necessary element of an equitable assignment." Tallman v. Hoey, 89 N. Y. 537; Brill v. Tuttle, 81 N. Y. 457.

The judgment and order appealed from should be affirmed, with costs. All concur.