## MOFFATT v. BAILEY.

(Supreme Court, Appellate Division, Second Department. November 30, 1897.)

1. EQUITABLE ASSIGNMENT—CONSIDERATION.

To constitute an equitable assignment of the claim of a building contractor against the owner of a house he is constructing, a valuable consideration is essential and indispensable.

2. DISMISSAL ON THE MERITS.

While the mere failure of a plaintiff, in an action based on an alleged equitable assignment, to prove valuable consideration, requires a dismissal, yet, if he has in other respects made a good case, a dismissal on the merits is error.

Appeal from New York county court.

Action by Lawrence Moffatt against Howard N. Bailey. From a judgment reversing a judgment of a justice in favor of the defendant, he appeals. Modified.

One Tompkins was under contract to build a house for defendant, and wrote to the latter that Moffatt (the plaintiff) was to furnish the building materials, and that he would like defendant to draw checks to one Meyer, Tompkins' bondsman, by whom they would be indorsed to plaintiff. Defendant assented, and sent all checks accordingly except three, aggregating $230.31, which he paid directly to Tompkins. The complaint alleged an assignment by Tompkins to plaintiff of all the sums due and to become due under the contract with defendant, and payment by defendant to plaintiff of all the sums due except $118, for which he demanded judgment.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

William Samuel Johnson, for appellant.

J. A. Young, for respondent.

PER CURIAM. We are of opinion that the plaintiff would have made out a good case had he proved that the contractor who built the defendant's house was still indebted to him (the plaintiff) for materials furnished. This he failed to do. To constitute an equitable assignment, a valuable consideration is essential and indispensable. Shaw v. Tonns, 20 App. Div. 39, 46 N. Y. Supp. 545. The justice was therefore right in dismissing the complaint. The case, however, was simply one of failure of proof, and the judgment, so far as it directed that the complaint be dismissed on the merits, was improper.

The judgment of the county court should be reversed, and the judgment of the justice's court modified by striking therefrom the direction that the complaint be dismissed on the merits, and as modified affirmed, without costs in the county court or of this appeal.