CENTRAL TRUST COMPANY OF NEW YORK, as Trustee under the Deed of Trust Dated the 21st day of December, 1894, between FREDERIC HUMPHREYS, of the City, County and State of New York, Party of the First Part, FANNIE HUMPHREYS GAFFNEY, Party of the Second Part, and CENTRAL TRUST COMPANY OF NEW YORK, Party of the Third Part, Plaintiff, *v.* FANNIE HUMPHREYS GAFFNEY, Appellant, Impleaded with JAYTA H. VON WOLF, Defendant, and FREDRIC (or FREDERIC) E. HUMPHREYS, Respondent.

First Department, June 20, 1913.

Trust — assignment by beneficiary of share of trust estate — intent to assign title to a designated trustee — seal — failure of consideration — when equity will not aid in establishment of trust.

One of the beneficiaries under a trust entered into an agreement with her guardian by which he transferred to her for life one-fifth of his income from the trust, but in the 2d paragraph of the agreement, the only one dealing with the principal, there were no words of assignment or transfer, and it was merely provided that "the only interest that the party of the second part shall have in and to" the principal is the right to have one-fifth of said principal held by the present trustee or some other trustee to be mutually agreed upon by and between the parties to produce the income intended to be transferred. The 3d paragraph fixed the date of the termination of the original trust as the time when the beneficiary should "enter into a further agreement * * * evidencing the trust * * * created in and by this agreement, and appointing a trustee thereunder satisfactory to the party of the second part." Provisions of the agreement examined, and *held*, that it was not founded upon a valuable consideration, and being insufficient in itself to create a trust, equity will not establish a trust based upon it.

The fact that the instrument was under seal did not preclude the court from determining whether or not it was actually made upon a sufficient consideration.

The phraseology of such an agreement is not conclusive, provided the present intent to assign title to a designated trustee is manifested, but such an intent is indispensable.

The beneficiary of the original trust could not, because of the prohibition in section 15 of the Personal Property Law, assign or otherwise dispose of his right to the income thereunder.

APPEAL by the defendant, Fannie Humphreys Gaffney, from part of a judgment of the Supreme Court in favor of the plaintiff and the defendant Frederic Humphreys, entered in the office of the clerk of the county of New York on the 15th day of November, 1912, upon the report of a referee.

*Edward R. Greene* [*Lansing P. Reed* with him on the brief], for the appellant.

*Albert Rathbone* [*Leland B. Garretson* with him on the brief], for the plaintiff, respondent.

*James L. Bishop* [*Walter B. Walker* with him on the brief], for the defendant, respondent.

Judgment affirmed, with costs, on opinion of DAVID LEVENTRITT, referee.

Present — INGRAHAM, P. J., LAUGHLIN, SCOTT, DOWLING and HOTCHKISS, JJ.

The following is the opinion of the referee:

DAVID LEVENTRITT, Referee:

The plaintiff, as trustee, has brought this action to have its account judicially determined and for instructions as to the distribution of the trust estate. The trust was created by an instrument dated December 21, 1894, by one Frederic Humphreys in favor of his two grandchildren Fredric E. Humphreys and Jayta Humphreys (now Jayta Humphreys Von Wolf), defendants herein, who were then infants. The plaintiff was made trustee. The remaining defendant, Fannie Humphreys Gaffney, the mother, and at that time the guardian of the infant beneficiaries, was a party to the trust agreement. The trust estate consisted mainly of 875 shares of stock of the Humphreys Homeopathic Medicine Company and 40 shares of the New Jersey Central Railway Company. By the terms of the instrument the trustee was required to pay to Fannie

Humphreys Gaffney, as guardian, or to her legally appointed successor, during the minority of the beneficiaries, or either of them, specified amounts of the income; and each beneficiary upon attaining the age of twenty-one years was then to receive one-half of the accumulated income and thereafter a full one-half of the income until the beneficiary, Jayta Humphreys, should reach the age of thirty years. At that time — November 6, 1911 — the principal of the trust was to be paid over in equal parts to the two beneficiaries and the trust terminated.

No question is raised as to the validity of this trust, but the defendant Fannie Humphreys Gaffney, by her answer, asserts an interest in a portion of the subject-matter of the trust by virtue of two agreements entered into with her separately by each of the defendants Fredric E. Humphreys and Jayta Humphreys Von Wolf on November 21, 1903. This claim is acquiesced in by the defendant Von Wolf, but is resisted by the defendant Humphreys, who, the plaintiff and the defendant Gaffney having rested, makes a motion to dismiss as to him the claim of the defendant Gaffney, and the sole question now to be decided is whether the instrument of November 21, 1903, created in favor of Mrs. Gaffney any interest in Humphreys' share of the original trust estate which a court of equity will enforce. It may be noted here that Humphreys was twenty years of age when the agreement was entered into, and that about three months after attaining majority he indorsed on the agreement a ratification thereof.

The effect of the agreement must be sought in its terms. After a preamble purporting to recite a valuable consideration and reciting a further consideration of natural affection and the sum of one dollar, the instrument continues as follows:

" *First.* The party of the first part [Humphreys] has sold, assigned, transferred and set over, and by these presents does hereby sell, assign, transfer and set over to the party of the second part [Gaffney] for and during the term of the natural life of the said party of the second part, a one-fifth interest in the net rents, issues and income resulting from the aforesaid 437½ shares of the capital stock of the Humphreys Homeopathic Medicine Company and 20 shares of the capital stock of the New Jersey Central Railroad Company after the first

day of October, 1904, provided nevertheless that the amount of the net rents, issues and income so assigned, transferred and set over to the party of the second part shall never in any year thereafter exceed the sum of two thousand dollars ($2,000), * * *

"*Second.* It is understood and agreed by and between the parties of the first and second parts that the only interest that the party of the second part shall have in and to the principal represented by the said 437½ shares of the capital stock of the Humphreys Homeopathic Medicine Company and 20 shares of the capital stock of the New Jersey Central Railroad Company is the right to have one-fifth of said shares held by the Central Trust Company of New York as trustee, or some other trustee to be mutually agreed upon by and between the parties of the first and second parts, for the purpose of investment and safe-keeping, in order to produce the rents, issues and income a portion of which is hereby transferred and set over to the said party of the second part or intended so to be.

"*Third.* The party of the first part further agrees to and with the party of the second part that upon the party of the third part [Jayta Humphreys Von Wolf] attaining the age of thirty years he will enter into a further agreement with the party of the second part, evidencing the trust in favor of the party of the second part created in and by this agreement, and appointing a trustee thereunder satisfactory to the party of the second part for the purpose of holding the one-fifth of the aforesaid 437½ shares of the capital stock of Humphreys Homeopathic Medicine Company and 20 shares of the capital stock of the New Jersey Central Railroad Company; and the party of the first part further agrees from time to time to make, execute and deliver all such further assignments or instruments of transfer or declarations as may be necessary or appropriate to further secure to the party of the second part the interests hereby transferred and assigned to her, or intended so to be."

It is the contention of the defendant Gaffney that this instrument created a trust whereby the Central Trust Company was to hold one-fifth of the shares of stock of the defendant Humphreys in trust to pay her for life the income therefrom, not exceeding $2,000 annually, or, if ineffectual for that

purpose, that the instrument was a declaration of trust by Humphreys constituting himself trustee of the shares for Mrs. Gaffney's benefit.   The defendant Humphreys contends on the other hand that the instrument assigned no interest in the corpus of the trust estate and created no trust or declaration of trust therein in favor of Mrs. Gaffney, but was merely an assignment of a part of the income and at most a personal agreement on his part to establish a trust in favor of Mrs. Gaffney upon the termination of the original trust.   This agreement Humphreys has repudiated by demanding on the day that the original trust expired, the delivery to him of all of his share of the principal of the trust.   Of course, any purely personal obligation that may have been incurred by Humphreys, but which is not enforcible as a trust against the shares constituting the original trust estate, is immaterial on the issue submitted.

The well-known requisites of a valid trust have been very concisely stated by the Court of Appeals in *Brown* v. *Spohr* (180 N. Y. 201, 209), as follows: " (1) A designated beneficiary; (2) a designated trustee, who must not be the beneficiary; (3) a fund or other property sufficiently designated or identified to enable title thereto to pass to the trustee; and (4) the actual delivery of the fund or other property, or of a legal assignment thereof to the trustee, with the intention of passing legal title thereto to him as trustee."

It is the fourth of these requisites that presents the main legal obstacle to the establishment of the trust contended for.   The agreement assigns in apt terms one-fifth of the income of the stock to Mrs. Gaffney for her life.   But in the 2d paragraph — the only one dealing with the principal or corpus — words of assignment or transfer are lacking and the provision is merely that " the only interest that the party of the second part shall have in and to " the shares constituting the principal " is the right to have one-fifth of said shares held by the Central Trust Company of New York as trustee, or some other trustee to be mutually agreed upon by and between the parties," to produce the income intended to be transferred.   The 3d paragraph, as has been seen, fixes the date of the termination of the original trust as the time when the defendant Humphreys

should "enter into a further agreement * * * evidencing the trust * * * created in and by this agreement, and appointing a trustee thereunder satisfactory to the party of the second part," and is not only consistent with but lends force to the contention that the appointment of a trustee and the transfer to him of title to the principal fund was postponed until the termination of the original trust. The phraseology of the instrument is, of course, not conclusive provided the present intent to assign the title to a designated trustee is manifested; but such an intent is indispensable. (*Christmas* v. *Russell*, 14 Wall. 69.) "To constitute a trust there must be either an explicit declaration of trust, or circumstances which show beyond reasonable doubt that a trust was intended to be created." (*Beaver* v. *Beaver*, 117 N. Y. 421, 428.) After a careful survey of the entire instrument, I have reached the conclusion that within the well-established principles of law it cannot be held to pass to any trustee the present title to any part of the principal fund.

The reasons leading to this conclusion are, briefly, that the 2d paragraph of the instrument does not purport to assign any present interest in the corpus of the original trust, but is on its face merely a limitation of the interest to be assigned at a future date; that no trustee is clearly designated, the provision being merely that the only right of the party of the second shall be to have "one-fifth of said shares held by the Central Trust Company of New York as trustee, or some other trustee to be mutually agreed upon;" that the Central Trust Company was not notified of such a trusteeship during the period of the original trust; and that by paragraph 3 the appointment of a trustee and the execution of a further trust agreement are expressly required upon the very date of the termination of the original trust. There is a further consideration which to my mind is very significant and affords a reasonable explanation of the absence of any immediate transfer of the securities to a trustee. That is the prohibition of section 15 of the Personal Property Law,* which rendered Humphreys as a

---

* See Consol. Laws, chap. 41 (Laws of 1909, chap. 45), § 15, as amd. by Laws of 1911, chap. 327. See, also, Gen. Laws, chap. 47 (Laws of 1897, chap. 417), § 3, as amd. by Laws of 1903, chap. 87.— [REP.

beneficiary of the original trust powerless to affect by assignment or otherwise his right to the income of the original trust. The parties doubtless recognized that the assignment of one-fifth of his share of the income was wholly inoperative during the continuance of that trust and that until its expiration he could not even by the present assignment of a portion of his share of the principal to a trustee give Mrs. Gaffney any enforcible right to the income. Whatever income she received during that period was necessarily at the pleasure of Humphreys. The instrument contains a provision that he shall from time to time until the termination of the original trust, furnish her with appropriate orders to enable her to receive her proportion of the income from the Central Trust Company, but of course compliance with this provision was entirely optional, the provision itself being legally unenforcible. The parties, doubtless knowing that the income of Humphreys could not then be affected by a present assignment of the principal to a trustee, were content to enter into such an agreement as Humphreys might deem himself morally bound to perform by paying the stated amount of income to Mrs. Gaffney during the period of the original trust, and at the end of that period completely establishing the trust in her favor by the transfer of the agreed portion of the principal to a designated trustee.

The contention of the defendant Gaffney that the instrument amounts to a declaration of trust constituting Humphreys trustee for her benefit, also seems to me to be contrary to the manifest intent of the instrument. No provision of the instrument indicates even remotely that Humphreys intended to hold the legal title to a part of his remainder as trustee for Mrs. Gaffney, but on the contrary the instrument as a whole looks to the establishment of a trust in the future and the appointment of a trustee other than Humphreys. In *Young* v. *Young* (80 N. Y. 422, 438) Judge RAPALLO, writing for the court, said: "To create a trust, the acts or words relied upon must be unequivocal, implying that the person holds the property as trustee for another. * * * Though it is not necessary that the declaration of trust be in terms explicit, the donor must have evinced by acts which admit of no other interpretation,

that such legal right as he retains, is held by him as trustee for the donee.  *  *  *   The settler must transfer the property to a trustee, or declare that he holds it himself in trust."

And in *Wadd* v. *Hazelton* (137 N. Y. 215, 219) the court said: "The acts must be of that character which will admit of no other interpretation than that such legal rights as the settlor retains are held by him as trustee for the donee; the settlor must either transfer the property to a trustee or declare that he holds it himself in trust."

The instrument here involved falls far short of satisfying the rule that the intention of the settler to declare the trust and to take title as trustee must clearly and unequivocally appear.

It remains to be considered whether a court of equity will require Humphreys to complete the trust in favor of Mrs. Gaffney by assigning to a trustee the one-fifth of the securities according to their agreement.   This is really the relief which Mrs. Gaffney's answer demands.   If the agreement had been made for a valuable consideration, it is quite possible that equity would enforce it by establishing the trust, but it is the uniform rule that where an agreement is voluntary and without consideration, equity will afford no relief but will leave the parties where it finds them.   The rule is laid down in the article "Trusts" (39 Cyc. 41), as follows: "The necessity of a valuable consideration to support a trust depends upon whether the trust is executed or executory, it being the rule that equity will no more enforce a voluntary executory agreement to create or establish a trust, when made without consideration, than it will perfect a defective gift."

In *Martin* v. *Funk* (75 N. Y. 134) the court, speaking of voluntary settlements, said: "The act constituting the transfer must be consummated and not remain incomplete, or rest in mere intention, and this is the rule whether the gift is by delivery only, or by the creation of a trust in a third person, or in creating the donor himself a trustee."   (Citing with approval *Milroy* v. *Lord*, 4 De Gex, F. & J. 264.)

Also in *Young* v. *Young* (80 N. Y. 422, 437) the court said: "It is well settled that equity will not interpose to perfect a defective gift or voluntary settlement made without considera-

tion. If legally made, it will be upheld, but it must stand as made, or not at all."

Turning to the provisions of the instrument, it is apparent that diligent effort was made to recite a valuable consideration in addition to the considerations of natural love and affection and of the sum of one dollar. The consideration is declared to consist of various rights said to belong to Mrs. Gaffney under the trust agreement of 1894. An examination of that agreement discloses that it was solely for the benefit of Jayta Humphreys and Fredric E. Humphreys, and that Mrs. Gaffney had no rights under it. Any participation by Mrs. Gaffney in the benefits of the trust fund was expressly excluded, for as each of the beneficiaries arrived at full age, he or she was to receive one-half of all accumulated income and one-half of the entire income thereafter until the final distribution of the principal in equal shares to the two. Mrs. Gaffney's complete exclusion from the benefits of the fund is shown by the provision that in the event of the death of both of the beneficiaries during the term of the trust the entire fund should be paid over to the next of kin of the one last dying, according to the statute governing the distribution of the personal estates of persons dying intestate. The provision which comes nearest to conferring some benefit on Mrs. Gaffney is that which relieves her of any duty to account as guardian for the expenditure of revenues "provided to be expended by her in the maintenance, dress, support and education of said children." It would seem that this provision did not contemplate that the guardian should use for her own benefit any part of these moneys, but even if that privilege was hers she has presumably exercised it, and it is not recited that she surrendered it in consideration of the execution of the subsequent agreement with the defendant Humphreys.

The fact that this instrument is under seal does not preclude the court from determining whether it was actually made upon sufficient consideration.

"Since equity may go behind a seal and determine whether an agreement is founded on a valuable consideration, the fact that an imperfect executory trust is evidenced by a sealed instrument will not entitle it to be enforced in equity if it is in

fact voluntary." (Article " Trusts & Trustees," 28 Am. & Eng. Ency. of Law [2d ed.], 892.)

The conclusion is unavoidable that this agreement was not founded upon a valuable consideration, and being insufficient in itself to create a trust, equity will not lend its aid to establish a trust based upon it. The motion of the defendant Humphreys is granted.