**30**          MATTER OF GURLITZ.

Surrogate's Court, New York County, November, 1918.   [Vol. 105.

Matter of the Judicial Settlement of the Account of
   AUGUSTUS T. GURLITZ, as Sole Surviving Executor
   of the Last Will and Testament of AUGUSTA HARPER
   LYNDE, Deceased.

(Surrogate's Court, New York County, November, 1918.)

**Wills — what passes under — trusts — when assignment by residuary
legatee not enforcible.**

Testatrix by the fifth clause of her will devised and bequeathed
to her executors, in trust, all the rest, residue and remainder of
any and all cash and securities, including bonds and stocks, or
bonds and mortgages which she might own at her death.   By
the sixth clause, all the rest, residue and remainder of her prop-
erty of every kind and nature was devised and bequeathed to
her son and his heirs forever.   Upon the judicial settlement of
the account of the surviving executor, *held*, that the fifth clause
referred only to tangible property in the possession of the
testatrix.

Where before certain moneys representing the share of testa-
trix in the estate of her deceased father and in that of her
deceased mother had been paid over she died, her outstanding
interests were merely intangible property and passed under
the sixth clause of her will.

An assignment under seal by the son of testatrix who was also
her residuary legatee of certain property included within the
sixth clause, at a time when he had no assignable interest
therein, viewed as an engagement that the assigned property
was to belong to the assignee when received, was merely promis-
sory and in the absence of a valuable consideration was not
enforcible.

The assignment could not be deemed a declaration of trust as
the trust could not be deemed to come into existence until the
property was received, and it would be at most a voluntary
promise to declare a trust — an obligation unenforcible either
at law or in equity.

PROCEEDING upon the judicial settlement of the
account of a sole surviving executor.

Misc.]    Surrogate's Court, New York County, November, 1918.

Augustus T. Gurlitz, petitioner pro se.

Crawford & Tuska (Benjamin Tuska and Benoni B. Gattell, of counsel), for Elsie S. Dodge Pattee.

David J. Daly, for executors of Rollin H. Lynde.

Speir & Bartlett (Warren S. Bartlett, of counsel), for Charles R. Lynde and others.

Jerome F. Donovan, special guardian.

Fowler, S.    This is an involved case and unraveling it has occasioned some perplexity to the surrogate. Two questions arise upon this accounting.   The first question relates to the construction of the will; it is, Does the property which is accounted for pass under the fifth paragraph or clause of the will of testatrix, or under the sixth paragraph or clause, as a part of the residuary estate?   The second question arises only in the event that it shall be found that the sixth clause is operative.   Then it becomes necessary to determine the effect of a certain assignment by the residuary legatee.

It appears that the respondents Charles R. Lynde, Clarissa R. Hobson and Augusta De Val are the grandchildren of the testatrix.   They and Elizabeth R. Lynde and Frances Speir, Jr., trustees under a deed of trust executed by Charles R. Lynde, claim under the fifth clause of the will.   The portion of that clause which shows the property included is as follows: " *Fifth,* I give, devise and bequeath to said executors, as trustees nevertheless, all the rest, residue and remainder of any and all cash or securities, including bonds and stocks, or bonds and mortgages, which I may own at the time of my decease   *   *   *.* "

The claim just referred to is opposed by Elsie S.

Surrogate's Court, New York County, November, 1918.    [Vol. 105.

Dodge Pattee. She asserts that Rollin H. Lynde, son of the testatrix and residuary legatee under the sixth clause, assigned his interest to her. The portion of the sixth clause which discloses the property passing thereunder reads as follows: " *Sixth.* All the rest and remainder of my property of every kind and nature I give, devise and bequeath to my son, Rollin H. Lynde, to him and his heirs forever. The personal effects will be of especial value and significance to them through association, and I include in this residuary bequest all of my articles which were formerly at the old house, 105 Park street, City of Brooklyn, County of Kings, State of New York (now the Borough of Brooklyn)."

The assignment referred to above and executed by Rollin H. Lynde is in substance as follows: " In consideration of $1.00 and other good and valuable considerations, we, and each of us, do hereby fully grant, assign, transfer and set over unto the United States Trust Company of New York City, as trustee for Elsie Stuart Dodge (now in Paris with Emma H. Dodge as her adopted daughter), each and all of our several shares in remainder, and right, title and interest as remaindermen, in and to the property held in trust for said Emma H. Dodge during her life under the will of her father, Joseph W. Harper, deceased. * * * "

Upon the face of the foregoing assignment it appears that no mention is made of the transfer of any part of the estate of the above named testatrix. Only the estate of Joseph W. Harper is mentioned. But it is said that it suffices that the estate now accounted for was in fact derived from the estate of Joseph W. Harper.

The source of the property appears to be as follows: The bulk of the estate of Augusta H. Lynde was distributed under two decrees made in 1908 and 1909. Subsequently the entire amount now in controversy

came into the hands of the executors of the above named testatrix, $3,398.31 was received from the executor of the father of testatrix, Joseph W. Harper, who died in 1870, leaving surviving a widow and eight children. For each of his five daughters trusts for life were created. It was provided in the thirteenth paragraph of Mr. Harper's will as follows: " *Thirteenth.* In case either of my daughters shall die after me, leaving no issue at her decease, the share to which her issue would have been entitled upon surviving her is hereby bequeathed to the same persons who would have been entitled to the same and to be distributed among such persons by the same rule which would apply if with respect to such issue I had died possessed of and owning the same without leaving a will." Emma H. Dodge, one of the daughters of Mr. Harper, died in 1914, without issue. The decree entered upon the accounting of the trustees of the trust held for her benefit provided that the estate should be divided among those who answered the description of the heirs at law of Joseph W. Harper at the time of his death. Our testatrix survived her father and her share in the trusts held for her sister was decreed to be $3,398.31. This is the sum referred to above. The balance of the money now before the court consists of a small portion of interest and the sum of $2,619.54, which was received as the share of our testatrix in the estate of her mother, Hannah Harper. The latter predeceased Emma H. Dodge, and the decree on the accounting in the Dodge trust directed that the sum of $13,593.23 be paid over to Hannah Harper's surviving executor as her one-third share in the Dodge trust fund. This was her share as heir at law under paragraph thirteenth of Joseph W. Harper's will. Under the will of Hannah Harper, and upon the distribution of her estate, the executors, now accounting, received the sum of

3

$2,619.54 as the share of the testatrix in her mother's estate.

Respondent Elsie S. Dodge Pattee makes the contention that the entire property to which the present proceeding relates was part of the estate of Joseph W. Harper within the meaning of the assignment by Rollin H. Lynde, *i. e.,* both the property received directly from the executors of Joseph W. Harper and the property received from the legal representative of Hannah Harper. The grandchildren and the trustees under the deed of trust constituted by one of them dispute this contention on two grounds: They urge that the funds are in no way referred in the assignment and not covered thereby, and also that the decrees entered in the accounting of the Dodge trust fund and in the accounting upon the Hannah Harper estate are *res adjudicata*. In both of such accountings all respondents in the present proceeding were duly made parties and in both proceedings Elsie S. Dodge Pattee sought an adjudication that the share which was decreed to be paid over to estate of testatrix should be paid to her as assignee of Rollin H. Lynde.

It first becomes necessary to determine whether the executors are to distribute under the fifth or the sixth paragraph. The fifth obviously refers only to tangible property in the possession of the testatrix. Augusta H. Lynde died before the moneys were paid over. At the time of her death the interests outstanding were merely intangible property. If not included in the sixth clause it is difficult to understand what the testatrix meant by disposing of her residuary estate. The fifth paragraph is not broad enough to take in the money received from the Dodge trust fund and the Hannah Harper estate.

As the sixth clause governs, either Rollin H. Lynde's executors take or his assignee, Elsie S. Dodge Pattee,

takes.   The claim of a prior adjudication, alleged to bar her in this proceeding, is really not conclusive to that end.   The accountings in the Dodge trust estate and the Hannah Harper estate related to the property passing under the wills respectively of Joseph W. Harper and Hannah Harper.   The respondent Pattee does not assert title directly under Rollin H. Lynde's interests in either of those estates; but she now insists that the assignment of Rollin H. Lynde was intended to convey all property which had its source in the estate of Joseph W. Harper.   Any claim based upon the theory that she is the assignee of Rollin H. Lynde's interest in the Dodge trust could not be sustained in view of the prior decree.   Necessarily involved in the determination included in the decree in the Dodge trust is a finding that she is not the owner of any interest in the fund held in trust for Emma H. Dodge. She is therefore barred from asserting the contrary. *Thorn* v. *De Breteuil,* 179 N. Y. 64.   The proof, however, shows that point was litigated and decided against her.   Even if the question were open it would be so held.   When Rollin H. Lynde assigned he had no interest vested or contingent in the estate of Joseph W. Harper.   His interest was not assignable.   See *West* v. *Burke,* 219 N. Y. 7; *National Park Bank* v. *Billings,* 144 App. Div. 536; affd., 203 N. Y. 556; *Clowe* v. *Seavey,* 208 id. 496.   He was not an heir at law of Joseph W. Harper and therefore was not included in the thirteenth paragraph of Joseph W. Harper's will.

But neither in the accounting in the Dodge trust fund nor the Hannah Harper proceeding could the point now raised in this present proceeding be adjudicated.   It is still open, therefore, to Elsie S. Dodge Pattee to make the claim that the property about to be distributed belongs to her, because it was derived from the Dodge trust fund.   The decree in the Dodge trust

Surrogate's Court, New York County, November, 1918. [Vol. 105.

accounting merely bars a direct claim on her part of an interest in the Dodge trust fund.

The assertion or contention in behalf of Elsie S. Dodge Pattee that as the money in the executor's hands was derived in the first instance from the Joseph W. Harper estate Rollin H. Lynde's assignment to her governs the title, remains to be examined. The instrument of assignment was under seal, and extensive evidence was offered to show the real intent of the assignor. This consists of a letter (Exhibit M) from Rollin H. Lynde to his aunt, Mrs. Dodge. It explains the reasons which prompted the assignment. Rollin H. Lynde desired to put Elsie S. Dodge Pattee in the same position in which he believed his grandfather would have left her had he been able to foresee that his daughter, Emma Harper Dodge, would leave her surviving one to whom she bore all the relations of parent. Rollin H. Lynde's purpose is clear. He wanted no part of the Dodge trust fund; Elsie S. Dodge Pattee was to take just as if she were the issue of Emma H. Dodge within the meaning of paragraph thirteenth of Joseph W. Harper's will. Exhibits O and P, which are the reassignment as collateral security from Mrs. Pattee to Rollin H. Lynde of all of her interest in the estate of Joseph W. Harper, were offered to show that Rollin H. Lynde intended to transfer the property now in controversy. It is argued that if he had not intended to transfer the property he could not have accepted a reassignment. Both exhibits were admitted over objection. The objection is overruled and the evidence is received in order to explain a latent ambiguity in the written assignment. *Matter of Coughlin,* 171 App. Div. 662; affd., 220 N. Y. 681.

By way of illustration, let it be deemed established, by this evidence considered, that the assignment of Rollin H. Lynde intended to transfer directly or indi-

rectly what was coming from the Dodge trust fund, created under his grandfather's will. Even with that purpose read into the assignment and into the act of transfer the surrogate is constrained to hold that the title of Elsie S. Dodge Pattee is not made out or cannot be sustained. This is an unfortunate result and one the surrogate would like to have avoided if possible. But there is no tenable principle of law or of equity jurisprudence, pointed out by counsel, or independently searched for by the surrogate, which permits any other result. I have before stated that as an assignment of legal title the instrument is inoperative because there is no interest considered assignable. Viewed as an engagement that the property in question was to belong to the assignee when received, the instrument would be promissory only. The absence of consideration recognized at law or equity as valuable consideration prevents its enforcement. Pom. Eq. Juris. § 997; *Young* v. *Young,* 80 N. Y. 422; *Shaw* v. *Tonns,* 20 App. Div. 39; *Tallman* v. *Hoey,* 89 N. Y. 537; *Kribbs* v. *Alford,* 120 id. 519; *Central Trust Co.* v. *Gaffney,* 157 App. Div. 501; affd., 215 N. Y. 740. Under the authorities just cited an imperfect gift cannot be enforced where there is no consideration, nor can it be enforced as a declaration of a trust. To convert an imperfect gift into a declaration of trust, where such was not the intention, is not within the realm of even so benign a system of jurisprudence as equity.

But the absence of consideration will not stop a court of equity from carefully scrutinizing the language of an instrument, apparently purporting to be one of assignment, in order to ascertain whether or not there was a real intention to declare a trust. In the case before me, even if we deem the instrument not one of assignment to third parties as trustees for the benefit of Elsie S. Dodge Pattee, and should come to the con-

clusion that Rollin. H. Lynde declared that the bene-
ficial ownership in the property which might be derived
directly or indirectly from his grandfather's estate
should belong to his assignee, then we are met with an
insuperable obstacle. No *res* would come into exist-
ence upon which to predicate the trust. Even consider-
ing Rollin H. Lynde as the trustee of a trust declared
by him, the trust could not be deemed to have come into
existence until the property was received. It would
be at most a voluntary promise to declare a trust —
an obligation unenforcible either at law or in equity.
The case is in many respects similar on this point to
that of *Central Trust Co.* v. *Gaffney, supra.* The same
principles which forbade the court there from render-
ing assistance are unfortunately present in this case
now before me.

Upon the hearing some of the documentary evidence
was received subject to its being disregarded by the
court, if not properly in evidence. The correspondence
between the members of Mrs. Dodge's family and
between herself and Elsie S. Dodge Pattee (Exhibits
A to G inclusive) are not considered. They are hear-
say and incompetent. Moreover they are only material
to establish the relation of parent and child, and no
claim can now be supported, and none is urged, that
Elsie S. Dodge Pattee takes as one of the issue, within
the meaning of the thirteenth paragraph of the will.
Exhibits H, I, J, K and L are incompetent as hearsay
and immaterial. Exhibit Q is clearly hearsay, incom-
petent and irrelevant.

The decree to be entered in this proceeding should
provide that the estate passes under paragraph sixth
of the decedent's will to her grandchildren and the
trustees under Charles R. Lynde's deed of trust.

Decreed accordingly.