[No. 15608.  *En Banc.*  December 20, 1920.]

## J. J. BLEITZ, *Respondent*, v. BRYANT LUMBER COMPANY, *Appellant*.[1]

ASSIGNMENTS (1)—REQUISITES—ACCEPTANCES. An order on the purchaser of logs to remit the proceeds of the sale to a bank, not payable to "order or bearer" within Rem. Code, § 3516, is not controlled by the negotiable instrument act, and hence need not be accepted in writing, as required of negotiable instruments, by Id., §§ 3517, 3522.

SAME (15)—EQUITABLE ASSIGNMENT—CONSIDERATION. Before a written order upon a purchaser to pay the proceeds of the sale can be upheld as an equitable assignment of the claim, it must be shown to have been for a valuable consideration.

Appeal from a judgment of the superior court for King county, Frater, J., entered June 30, 1919, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract, after a trial on the merits. Affirmed.

*Wright, Kelleher & Allen*, for appellant.

*Byers & Byers*, for respondent.

### ON REHEARING.

PER CURIAM.—During the trial of this case, the respondent offered in evidence a letter from the Metropolitan Bank of Seattle to the appellant, enclosing a writing given by the respondent to the bank and addressed to the appellant, reading as follows:

"Please remit to the Metropolitan Bank proceeds of next boom of logs from me."

The Department opinion (110 Wash. 437, 188 Pac. 509), decided that, if the instrument was on its face sufficient to amount to an assignment of the account to the bank, it was controlled by the negotiable

[1]Reported in 194 Pac. 550.

instruments act, which declares that an assignment of an account is not enforcible by the assignee until accepted in writing by the debtor (Rem. Code, §§ 3517, 3522); and since there was no proof that the appellant had so accepted, it amounted to no assignment at all. The petition for rehearing, for the first time, called our attention to the fact that the order to the bank was not payable to "order or bearer," and therefore it was not controlled by the negotiable instruments act.

Section 3516, Rem. Code, provides that:

"A bill of exchange is an unconditional order in writing addressed by one person to another, signed by the person giving it, requiring the person to whom it is addressed to pay on demand or at a fixed or determinable future time, a sum certain in money to order or to bearer."

In the case of *Quast v. Ruggles*, 72 Wash. 609, 131 Pac. 202, we held that a note, to be negotiable and to be controlled by the negotiable instruments act, must be payable to "order or bearer." It would, therefore, appear that the order to the bank is not controlled by the negotiable instruments act.

Appellant contends that the written order to the bank amounted to an equitable assignment from the respondent to the bank of the amount sued on, and that it was not necessary to show that it had been accepted by the appellant. If it be admitted that appellant's position in this regard is correct, yet we must reach the same general result as that reached by the department. Before this instrument will be treated as an equitable assignment, it must be shown that there was a valuable consideration for the assignment.

"An equitable assignment must be supported by a valuable consideration as a necessary and essential element." 5 C. J. 931.

"As to the obligee in the chose, the rule is sometimes broadly stated that the subject of consideration, or want thereof, is not open to him, his obligation being to pay, and it being immaterial to him whether the party to whom he is compelled to pay gave value for the obligation or not, the only interest of the obligee being that he shall be required to pay his debt to but one person. But the better doctrine seems to be to confine the rule to assignments recognized, either at common law or under statutes, as carrying the legal title to the chose assigned; and to require proof of consideration in cases of assignments that are recognized only in courts of equity, which courts recognize the assignee in this class of cases solely because he is a purchaser for value." 4 Cyc. 31.

See, also: 7 Ency. Plead & Prac. 779; *Perkins v. Parker,* 1 Mass. 117; *Brokaw v. Brokaw's Ex'rs,* 41 N. J. Eq. 215, 4 Atl. 66; *Shaw v. Tonns,* 20 App. Div. 39, 46 N. Y. Supp. 545; *Moffatt v. Bailey,* 22 App. Div. 632, 47 N. Y. Supp. 983; *Tallman v. Hoey,* 89 N. Y. 537; *Attorney General v. Continental Life Ins. Co.,* 71 N. Y. 325, 27 Am. Rep. 55.

The order involved in this case does not, upon its face, show any consideration. Consequently, before it can be treated as an equitable assignment, there must be proof of the consideration therefor. The fact that the bank was not a party to this action, and that this alleged equitable assignment was introduced in evidence by the respondent, will not relieve the appellant of the duty to prove consideration for the assignment. Long before this suit was brought, the bank wrote appellant, asking it to pay the bank the amount here sued for, and enclosing therewith the original or a copy of the order given by the respondent to the bank; and the appellant, therefore, had ample notice of what it now calls an equitable assignment of the fund; and if it intended to defend on that ground, the burden was on it to prove a consideration, for there can be no proof

of an equitable assignment without proof of a consideration therefor. This it did not do. Neither in the pleadings nor in the testimony, nor in its requested instructions to the jury, did the appellant try its case upon the theory that there had been an assignment, nor did it request that the alleged assignee be brought into the action.

We concur in all other conclusions reached by the Department opinion. The judgment is affirmed.