Harry D. Goldman, J.
Plaintiff and defendant Maryone Marx are husband and wife now living apart. Defendant Robert H. Clark is the son of defendant Maryone Marx by a prior marriage. Prior to February 27, 1954 Raymond C. Marx and Maryone Marx, his wife, transferred title to two parcels of real property to one Harriette M. Clarke, mother of the defendant Maryone Marx.
On February 27, 1954 defendant Robert H. Clark signed a document entitled “ Declaration of Trust ”. That instrument recited that the real property in question had been transferred to Harriette M. Clarke “ for the purpose of securing said property against the claims of numerous creditors of the Marxes ”. The instrument further provided ‘ ‘ in consideration of the fact that said Robert H. Clark has been made a legatee under the will of Harriette M. Clarke at the suggestion of Maryone B. Marx, it is hereby agreed as follows: 1. That Robert H. Clark shall hereafter hold any and all property both real and personal, which he obtains from, through or under the Last Will and Testament of Harriette M. Clarke as trustees for the use and benefit of Maryone B. Marx and Raymond C. Marx, said trust to terminate at such time as it shall be convenient for the aforesaid Marxes to take title to any of the aforesaid property in their own names, and said Robert H. Clark hereby acknowledges this trust to Maryone B. Marx and Raymond C. Marx and *43 acknowledges to them that his holding of the aforesaid Harriette M. Clarke’s property or estate is not in his own interest but in their interests
The complaint alleges that Harriette Clarke executed a will by which she devised the property to defendant Robert H. Clark. There is the further allegation that plaintiff and defendant Maryone Marx are separated, that plaintiff has duly demanded the reconveyance of the property, that defendant Maryone Marx would not join in that demand and plaintiff prays that a trust be impressed upon the property in question, and that defendant Robert H. Clark reconvey the property to plaintiff and defendant'Maryone Marx.
It has been stipulated that Harriette M. Clarke died on May 16, 1954. It is clear that the purported trust instrument was executed nearly three months prior to the death of testatrix under whose will the property was devised to defendant Robert H. Clark.
A reading of the so-called “ Declaration of Trust ” clearly shows that the transfer of title from the Marxes to Harriette M. Clarke was a deliberate attempt to defraud creditors. Notwithstanding that this entire transaction “ sounds at all times very ill in the mouth ”, as stated by Lord Mansfield in Holman v. Johnson (1 Cowp. 341, 343) defendant Robert H. Clark, who was not a party to the original transaction, cannot be said to come into court with unclean hands. The condition of his conscience would in no event be of any assistance to the plaintiff who was one of the culpable parties to the conveyance of the property.
Plaintiff has no rights which he can enforce in this action unless he can find those rights in the “ Declaration of Trust ”. A trust is simply a method of • transferring or disposing of property. Clearly there can be no trust created unless there is some property which the trustee can hold. As one cannot imagine the sound of the flute without the presence of a flute player, certainly there can be no trust unless there is a subject matter of the trust. (1 Scott on Trusts [2d ed.], § 74.)
This proposition requires no great citation of authority to sustain it. It is well settled in this State in the case of Hickok v. Bunting (67 App. Div. 560) where the court, at page 562, wrote: “In order to constitute a trust there must be a res to which it can attach, and where that does not exist there is nothing which can be the subject of a trust.”
What was the subject of the trust when defendant Clark signed the instrument nearly three months before his grandmother’s death? At the very most, he had a spes, a hope *44 of inheritance, an expectation which at best might evaporate by the whim or caprice of his ancestor. Professor Scott enunciates this with approval at section 86.1 of his work (supra, p. 655) in the following language: “ The courts have held,
therefore, that a purported assignment in trust or declaration of trust by an heir or legatee of what he may thereafter receive by intestate or testate succession, if made gratuitously, is ineffective.”
No instrument could be more void of consideration than that signed by defendant Clark.
In Matter of Lynde (175 N. Y. S. 289, 290, affd. 190 App. Div. 907) the Surrogate said: “ If a completed trust, enforceable without consideration, was ever declared, it must have been when Eollin H. Lynde delivered the instrument purporting to be an assignment. At that time no res had come into existence. There was, then, no assignable interest in Eollin H. Lynde.”
This proposition finds further support in Simon v. Burgess (71 Misc. 300), where at page 302, the court wrote: “ In other words, not only must there be a beneficiary and a trustee, but there must be a res to which it can attach, otherwise there is nothing which can be made the subject of a trust.” (See Central Trust Co. v. Gaffney, 157 App. Div. 501, affd. 215 N. Y. 740.)
There are many other defects in plaintiff’s case. The demand to reconvey was made by himself and not joined in by his wife; the demand went beyond the terms of the instrument, and for many other reasons the document upon which the plaintiff founds his action bars his success. The complaint must be dismissed.
This decision is made and signed pursuant to section 440 of the Civil Practice Act. Submit judgment accordingly.