■ MICHAEL SUSSMAN et al., Appellants, v FAITH A. SUSSMAN et al., Respondents, et al., Defendant.—In an action, *inter alia,* for an accounting, plaintiffs appeal from an order of the Supreme Court, Westchester County, dated July 25, 1977, which granted the motion of defendants Faith Ann Sussman and George F. Dembow, Jr., as personal representatives of the estate of George F. Dembow, deceased, for partial summary judgment dismissing the complaint as against them. Order affirmed, without costs or disbursements. On January 20, 1969 George F. Dembow, Sr., wrote a letter to respondent Sussman, in which he stated, in part, that: "Each of the Dembow grandchildren now has approximately Fifty Thousand Dollars ($50,000), established in his or her custodial account, in each of their individual names. Basically, the total for each may exceed Fifty Thousand Dollars ($50,000). It is difficult to be definite about the final figure so many years ahead. Funds for the final total come from tax-exempt bonds (as they mature), plus yearly interest earned, plus cash deposited which will be earning interest for many years, plus the U.S. Bonds furnished and their interest." He named plaintiffs Michael and Lee Sussman, and Adrienne Sussman, an infant, as the beneficiaries of his gift. He designated respondent Sussman as the custodian of the account, but stated that, for her convenience, he would make deposits of dividends and interest, rather than mail the checks to her. He retained the account passbooks for several years before he delivered them to the respondent Sussman. He paid into each of the accounts funds of approximately $20,000, but never delivered the tax-

exempt bonds to the custodian prior to his decease. Plaintiffs brought this action for an accounting, and for a judgment against the personal representatives of Dembow, for the $30,000 difference between the amount stated in the letter and the amount actually deposited into each of the accounts. Special Term granted respondents' motion to dismiss on the ground that the tax-exempt bonds had not been sufficiently identified in the letter and on the further ground that the bonds had not been delivered to the trustee with the intention to pass title thereto. It held that the trusts were valid only to the extent that they had actually been funded. It is conceded that Dembow's letter did not create a trust under the Uniform Gifts to Minors Act (see EPTL 7-4.1 *et seq.*). The issue then is whether sufficient facts appear to support the claim that the letter created a trust beyond the amounts actually paid by Dembow into the bank accounts. First, we observe that the trust, whatever the nature of the corpus, was established without consideration. No action lies against the settlor to enforce the delivery of assets, therefore, even though the settlor may have stated his intention to make such delivery (see *Central Trust Co. v Gaffney,* 157 App Div 501, 508, affd 215 NY 740; *Matter of Gurlitz [Lynde],* 105 Misc 30, 37, affd 190 App Div 907; 1 Scott, Trusts [3d ed], § 26.5, p 226). Second, a settlor must describe securities which are said to constitute the assets of the trust so that they may be definitely ascertainable. "If the owner of several bonds declares that one of them is held in trust for another but does not specify which bond is so held, no trust is created" (1 Scott, Trusts [3d ed], § 76, p 684). The same principle is true as to after-acquired property (§ 86, pp 711-714). Until the delivery to the trustee is performed by the settlor, or until the securities are definitely ascertained by the declaration of the settlor, when he himself is the trustee, no rights of the beneficiary in a trust created without consideration arise (cf. *Riegel v Central Hanover Bank & Trust Co.,* 266 App Div 586; *Matter of Gurlitz [Lynde],* 105 Misc 30, affd 190 App Div 907, *supra; Marx v Marx,* 5 Misc 2d 42). Here it is clear that no tax-exempt bonds were delivered to the respondent Sussman. Nor is there in the letter a description of the bonds which makes them definitely ascertainable. Nor is there in the record any facts showing that Dembow had, at the time of the letter or later, acquired bonds which were definitely ascertainable. In the face of this state of affairs, summary judgment was properly granted in favor of the respondents. We see no merit to the plaintiffs' argument that Dembow might have owned tax-exempt bonds, either at the time of the letter, or later; in any event, the bonds were not described with the certainty required under the principles of law governing trusts. Hopkins, J. P., Hawkins and O'Connor, JJ., concur; Shapiro, J., dissents and votes to reverse the order and deny respondents' motion, with the following memorandum: Although it is an essential element of a trust that there be a delivery of the trust assets, or a legal assignment thereof, to the trustee with the intention of passing legal title to the trustee (see *Brown v Spohr,* 180 NY 201, 209), when an owner intends to make himself a trustee of certain of his property for the benefit of another, the owner may retain possession of the property. There will be a valid trust if the owner declares that he holds the property in trust for another (see *Matter of Brown,* 252 NY 366, 375; *Robb v Washington & Jefferson Coll.,* 185 NY 485, 493). In my opinion the letter was a declaration of trust which dispensed with the need for a delivery of the bonds. By the letter, the decedent constituted himself and another as joint trustees. Although he did not specifically identify the bonds, if the decedent possessed the bonds and they were ascertainable at the time the letter was written, the identification made was sufficient (see 1

Scott, Trusts [3d ed], §§ 75–76). Whether the decedent possessed ascertainable tax-exempt bonds on the date the letter was written is a material question of fact which requires a trial. Accordingly, the order appealed from should be reversed and respondents' motion should be denied.