sion is authorized to recognize this fact and to treat the hand as lost in fixing the compensation. That is the natural and logical meaning of the language, which seeks to do approximate justice to the individual, and it should not be construed to work an injustice in a case such as is here presented.

The award should be affirmed. All concur.

(90 Misc. Rep. 545)

### In re DALY'S WILL.

(Surrogate's Court, Kings County. May, 1915.)

WILLS ⬡519—ERROR IN NAME OF LEGATEE—CONSTRUCTION OF RESIDUARY CLAUSE.

    Testator gave to "Anne McGrath of Vanderbilt avenue, * * * Brooklyn," $100, to Annie Farrell all his family pictures, and by the next paragraph all the residue of his estate was devised to testator's son-in-law and "Annie McGrath of 519 Greene avenue." *Held,* that the name "McGrath" in the residuary clause was erroneously written in place of the name "Farrell," and that the gift of one-half of the residue was to Annie Farrell, who lived at 519 Greene avenue.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. § 1073; Dec. Dig. ⬡ 519.]

In the matter of the probate of the last will of Patrick Daly. Decree construing will rendered.

M. F. McGoldrick, of Brooklyn, for proponent.

William S. Butler, of Brooklyn, for Annie Farrell.

Walter L. Post, of New York City, for Anne McGrath.

KETCHAM, S. The portion of the will which immediately requires construction is the following:

"Fourth. All the rest, residue and remainder of my estate of every name and kind soever I give devise and bequeath to my son-in-law James Coughlin and Annie McGrath of 519 Greene Ave., in equal shares."

In the third paragraph of the will there were the following gifts:

"Anne McGrath of Vanderbilt Avenue near Atlantic Ave., Brooklyn, one hundred dollars, to Annie Farrell all my family pictures."

The precise question is whether or not the gift of the residue is to Anne McGrath or to Annie Farrell.

Anne McGrath and Annie Farrell were both persons in existence when the will was made. Both were within the knowledge of the testator. Both were held by him as acceptable objects of his testamentary bounty, and, as seen above, both were named in his will as beneficiaries under provisions not involved in the present uncertainty. Anne McGrath lived in Vanderbilt avenue, near Atlantic avenue; Annie Farrell resided at 519 Greene avenue in the house which the testator owned and in which he lived.

The testator knew the residences of both of them. The instruction which he gave to his draftsman was that the will should bestow one-half of the residue of the estate upon Annie Farrell, and he accompanied this instruction with the statement that she lived at 519 Greene

avenue. The name "McGrath" in the residuary clause was written in error in the place in which the name "Farrell" should have been written. These facts were the proper subject of evidence, and there is no ground for questioning their existence.

There results a typical case of latent ambiguity, for in the unexplained words of the will there is a legacy which cannot be paid without setting at naught one or the other of two expressions employed by the testator for the purpose of identifying the legatee. Where the residence of a proposed legatee is well known to the testator, and especially if the residence indicated in the will as descriptive of the legatee is the established place of abode both of the testator and the intended legatee, the residential description is no less forcible as an indication of the beneficiary whom the testator has in mind than is the use of a proper name. If in this case the written name shall control, then the legacy will become payable to one who does not live at 519 Greene avenue; if it be held to be payable to one who lived at that place, then it must be paid to one who does not bear the name.

The dilemma is beyond escape. Either these repugnancies must be reconciled, or the legacy must be torn in two while they contend in equal match. Not only is a construction to be adopted which will avoid intestacy, but, more important, the provision in question must not be allowed to fall into absolute ruin and absurdity. One thing must be confessed. The testator did not intend that his attempted gift should be destroyed by the very balance of his own equivocation. He meant his gift for Annie Farrell, and used language in his will which, standing alone, recorded this purpose. True, he also used a name which, standing alone, would deny this purpose.

In this duplicity of his expression, a construction based upon extrinsic evidence of his state of mind and the circumstances to which his act was adjusted will not vary his will or impose upon it a meaning not therein contained. Such construction will only determine the significance of the verbal symptoms which he employed. It will merely read the will itself, but with his mind and his vocabulary, however unconventional or cryptic his use of words may have been. In such process the meaning imposed upon the instrument will only be that which is found within it, and neither the process nor the result will be the less accurate or lawful, because the light of circumstances is turned upon the written page, or the testator's conception is used as the key to that which he has hidden.

This has been done in many cases which in their application to this case will not be stretched from the principle which they teach, though no case has been found in which the name used to designate the beneficiary was not the name of the person intended, but was the name of another who was within the zone of the testator's general regard. See Wigm. Ev. §§ 2471–2477, and especially the notes to the text as follows: Section 2474, note 1; section 2477, notes 5, 7; Redf. Surr. § 247, and cases cited.

Under these authorities it will be found that the gift of one-half of the residue was to Annie Farrell, and not to Anne McGrath.

Decreed accordingly.