In re COUGHLIN.

In re DALY'S WILL.

(Supreme Court, Appellate Division, Second Department. February 28, 1916.)

1. WILLS ☞489—LATENT AMBIGUITY—IDENTIFYING BENEFICIARY—PAROL EVIDENCE.

Where one paragraph of testator's will made a devise to Annie Mc-Grath of "519 Greene Ave.," and in another paragraph there was a bequest to "Anne McGrath of Vanderbilt avenue near Atlantic Ave., Brooklyn," and to Annie Farrell, who lived at 519 Greene avenue, there was a latent ambiguity as to the identity of the first beneficiary, permitting the introduction of parol evidence to show the circumstances surrounding the testator and his expressed views, in order to determine his intention as to the identity of such beneficiary.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1037–1046; Dec. Dig. ☞489.]

2. WITNESSES ☞202—ATTORNEY DRAWING AND WITNESSING WILL—TESTIMONY.

In arriving at such identification, the declarations of the testator, made to his attorney at the time of preparing the will, were admissible, where the attorney was a subscribing witness to such will, under Code Civ. Proc. § 836, qualifying subscribing attorneys to testify.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 756, 757; Dec. Dig. ☞202.]

3. WILLS ☞489—CONSTRUCTION—MISTAKE IN NAME—RESIDENCE—IDENTIFICATION—EVIDENCE.

Evidence admitted to explain such latent ambiguity, showing that testator's previous will had left everything to Annie Farrell, that he desired to change it so as to give half to his son-in-law, and stated to his attorney that he wanted to give $100 to a relative named McGrath living on Vanderbilt avenue, near Atlantic, and the attorney's memorandum taken for the purpose of preparing the new will indicating that the devise contested was to go to Annie Farrell, of 519 Greene avenue, and the fact that Annie McGrath had never lived at the Greene avenue address, but lived on Vanderbilt avenue, held to show that the contested clause was intended for Annie Farrell, and that the name McGrath had been inserted by mistake.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1037–1046; Dec. Dig. ☞489.]

Appeal from Surrogate's Court, Kings County.

In the matter of the petition of James J. Coughlin for the probate of the will of Patrick Daly, deceased, with petition by Annie Farrell for construction thereof. From a decree (154 N. Y. Supp. 895, 90 Misc. Rep. 545), of the Surrogate's Court, construing the will, Anne McGrath appeals. Affirmed.

Appeal from a decree of the Surrogate's Court of Kings County, entered in the office of the clerk of said court on the 20th day of May, 1915, admitting decedent's will to probate and construing a paragraph thereof. Patrick Daly, who died January 24, 1915, left a will in which there was this residuary clause: "Fourth.—All the rest residue and remainder of my estate of every name and kind so ever I give devise and bequeath to my son-in-law James. Coughlin and Annie McGrath of 519 Greene Ave. in equal shares."

Upon instituting probate proceedings, a petition asking for the construction of this clause was presented by Annie Farrell, who alleged that the name

"Annie McGrath" in this fourth clause of the will was intended for her, Annie Farrell, as the name Annie McGrath had been written into the will by mistake. In the third paragraph of the will were the following bequests: "Anne McGrath of Vanderbilt avenue near Atlantic Ave. Brooklyn one hundred dollars, to Annie Farrell all my family pictures." It appears, therefore, that Anne McGrath and Annie Farrell were both persons in being when the will was made, and had been elsewhere mentioned by the testator.

The lawyer who drew the will had known decedent over 25 years. On his being called to decedent's home the night of December 11, 1914, decedent stated that he wished to make a change in his will. Decedent said: "You know the other will left everything to Annie Farrell, and I am going to give half of it now to Mr. Coughlin, my son-in-law. Since making the last will my daughter died, and he has been very good to me." Decedent also said: "I have a relative, I think the only relative I have in the world, named Mc-Grath, living on Vanderbilt avenue near Atlantic; I don't know what the number is, but it is the brownstone row where Judge Courtney lived. * * * I think I ought to leave her something; I will give her $100." The lawyer then made a memorandum of these directions to help prepare the will. This original memorandum was received in evidence. It indicates that the residuary estate was to go to James Coughlin and Annie Farrell of 519 Greene avenue. Annie Farrell had resided at 519 Greene avenue, in the same house with testator, at the time of the execution of the will, and for one year and three months prior thereto. Anne McGrath never lived at 519 Greene avenue; she had lived at 494 Vanderbilt avenue for ten years. It is to be noticed that in the third clause the testator had bequeathed $100 to *Anne* McGrath, of Vanderbilt avenue, near Atlantic avenue, and *Annie* Farrell was given the family pictures. The fourth clause reads "Annie [not Anne] McGrath."

The surrogate accordingly concluded that by this clause the testator intended Annie Farrell, and decreed accordingly. From this decree Anne McGrath appealed to this court.

Argued before JENKS, P. J., and THOMAS, STAPLETON, MILLS, and PUTNAM, JJ.

George Parr, of New York City, for appellant.
M. F. McGoldrick, of Brooklyn, for respondent Coughlin.
William S. Butler, of Brooklyn, for respondent Farrell.

PUTNAM, J. [1, 2] As the learned surrogate stated, the facts show a latent ambiguity. A name fits one claimant, but it is coupled with a residence which fits only the other claimant. This lets in parol evidence to show the circumstances surrounding the testator and his expressed views, in order to aid in determining his intention, and to identify the person he attempted to describe. Declarations of the testator, even to his attorney at the time of preparing the will, were admissible, as such testimony was not privileged, since it was given by a subscribing witness. Code of Civil Procedure, § 836.

[3] Here the residence was important, and in the situation decisive. In such questions of construction the liability to a mistake in the name and not the place has been judicially remarked upon. Thus in 1860, Metcalf, J., quoted Lord Abinger that generally, where mistakes have been assumed to have been made by testators, "either in the name or description of the devisee, or the property devised," it has been found "that the mistake has been made in the name and not in the description." Thayer v. City of Boston, 15 Gray (Mass.) 349. The situation here is like the two competing beneficiaries, Magdalena Baumann Fuhge and Lena Baumann, in Baumann v. Steingester, 213 N. Y. 328, 107 N. E. 578.

By such identification, the will is construed according to the plain intent of the testator. This principle has been often applied where religious and charitable institutions, having similar corporate names, have been identified and ascertained by parol, and then by construction the right one has been declared to be the intended beneficiary. Many such decisions in this country are in 1 Jarman on Wills, 760, note (Am. Ed., Randolph & Talcott). And a recent instance is German Pioneer Verein v. Meyer, 70 N. J. Eq. 192, 63 Atl. 835, by Pitney, V. C.

There is no merit in appellant's contention against the surrogate's power thus to construe this will, and still less as to her insistence upon a jury trial for such a question of construction.

I advise that the decree of the Surrogate's Court be affirmed, with costs to the three parties to this appeal, payable out of the estate.

THOMAS, STAPLETON, and MILLS, JJ., concur. JENKS, P. J., not voting.