In the Matter of the Petition of JAMES J. COUGHLIN for the
Probate of the Last Will and Testament of PATRICK DALY,
Deceased.
ANNIE McGRATH, Appellant; JAMES J. COUGHLIN and ANNIE
FARRELL, Respondents.

(*Supreme Court, App. Div., Second Dept., February* 28, 1916.)

WILL—AMBIGUITY IN DESCRIBING BENEFICIARY—CONSTRUCTION—IDENTIFI-
CATION OF BENEFICIARY BY PLACE OF RESIDENCE—PAROL EVIDECE TO ESTAB-
LISH TESTATOR'S INTENTION—WHEN COMMUNICATIONS TO ATTORNEYS NOT
PRIVILEGED—POWER OF SURROGATE TO CONSTRUE WILL—JURY TRIAL.

Where a testator bequeathed a portion of his residuary estate to
" Annie McGrath of 519 Greene Av.," that being the home of the testator,
but no person of that name had ever resided with the testator, while on
the contrary it appears that Anne McGrath, to whom a small legacy was
left in another portion of the will, actually resided in Atlantic avenue,
as correctly stated in the other clause, there is an ambiguity which
makes parol evidence admissible to show the circumstances surrounding
the testator and his expressed views in order to aid in determining his
intention and to identify the person he attempted to describe in the
residuary clause.

For this purpose declarations of the testator, including a statement made
by him to his attorney at the time the will was prepared to the effect
that he wished to make Annie Farrell, who resided with him, a residuary
legatee, are admissible where such communications are not privileged in
that the attorney was a subscribing witness.

*It seems,* that where there is a discrepancy between the name of the
beneficiary and the place of residence as stated in the will, the latter is
generally entitled to greater weight in identifying the beneficiary.

Evidence examined, and *held,* that under the circumstances the name of
Annie McGrath was inserted in the residuary clause by mistake and
that the testator intended to make the gift to Annie Farrell.

The surrogate has power to construe such will and there is no right to
a jury trial on the question of construction.

APPEAL by Annie McGrath, from an order and decree of the
Surrogate's Court of the county of Kings, entered in the office of
said Surrogate's Court on the 20th day of May, 1915, admitting
decedent's will to probate, and construing a paragraph thereof.

Patrick Daly, who died January 23, 1915, left a will in which there was this residuary clause:

"*Fourth.*  All the rest residue and remainder of my estate of every name and kind soever I give devise and bequeath to my son-in-law James Coughlin and Annie McGrath of 519 Greene Av., in equal shares."

Upon instituting probate proceedings, a petition asking for the construction of this clause was presented by Annie Farrell, who alleged that the name "Annie McGrath" in this 4th clause of the will was intended for her, Annie Farrell, as the name Annie McGrath had been written into the will by mistake.

In the 3d paragraph of the will were the following bequests: "Annie McGrath of Vanderbilt Avenue near Atlantic Ave. Brooklyn one hundred Dollars, to Annie Farrell all my family pictures."

It appears, therefore, that Annie McGrath and Annie Farrell were both persons in being when the will was made, and had been elsewhere mentioned by the testator.

The lawyer who drew the will had known decedent over twenty-five years.  On his being called to decedent's home the night of December 11, 1914, decedent stated that he wished to make a change in his will.  Decedent said: "You know the other will left everything to Annie Farrell, and I am going to give half of it now to Mr. Coughlin, my son-in-law.  Since making the last will my daughter died, and he has been very good to me."  Decedent also said: "I have a relative, I think the only relative I have in the world, named McGrath, living on Vanderbilt Avenue near Atlantic — I don't know what the number is, but it is the brownstone row where Judge Courtney lived.  * * *  I think I ought to leave her something; I will give her $100."  The lawyer then made a memorandum of these directions to help prepare the will.  This original memorandum was received in evidence.  It indicates that the residuary estate was to go to James Coughlin and Annie Farrell of 519 Greene avenue.  Annie Farrell had resided at 519 Greene

avenue, in the same house with testator, at the time of the execution of the will, and for one year and three months prior thereto. Annie McGrath never lived at 519 Greene avenue; she had lived at 494 Vanderbilt avenue for ten years. It is to be noticed that in the 3d clause the testator had bequeathed $100 to *Anne* McGrath of Vanderbilt avenue near Atlantic avenue, and *Annie* Farrell was given the family pictures. The 4th clause reads Annie (not Anne) McGrath.

The surrogate accordingly concluded that by this clause the testator intended Annie Farrell, and decreed accordingly.

From this decree Annie McGrath appealed to this court.

George Parr (Walter L. Post with him on the brief), for the appellant.

M. F. McGoldrick, for the respondent James J. Coughlin, as executor.

William S. Butler, for the respondent Annie Farrell.

PUTNAM, J.—As the learned surrogate stated, the facts show a latent ambiguity. (90 Misc. Rep. 545.) A name fits one claimant but it is coupled with a residence which fits only the other claimant. This lets in parol evidence to show the circumstances surrounding the testator and his expressed views in order to aid in determining his intention, and to identify the person he attempted to describe. Declarations of the testator, even to his attorney at the time of preparing the will, were admissible, as such testimony was not privileged, since it was given by a subscribing witness. (Code Civ. Pro., § 836.)

Here the residence was important, and in the situation decisive. In such questions of construction the liability to a mistake in the name and not the place has been judicially remarked upon. Thus, in 1860 METCALF, J., quoted Lord ABINGER, that generally where mistakes have been assumed to

have been made by testators, " either in the name or description of the devisee, or the property devised," it has been found " that the mistake has been made in the name and not in the description." (Thayer v. City of Boston, 15 Gray, 347, 349.)

The situation here is like the two competing beneficiaries, Magdalena Baumann Fuhge and Lena Baumann, in Baumann v. Steingester (213 N. Y. 328).

By such identification the will is construed according to the plain intent of the testator. This principle has been often applied where religious and charitable institutions, having similar corporate names, have been identified and ascertained by parol, and then by construction the right one has been declared to be the intended beneficiary. Many such decisions in this country are in 1 Jarman on Wills (760n; Am. ed. Randolph v. Talcott). And a recent instance is German Pioneer Verein v. Meyer (70 N. J. Eq. 192, by PITNEY, V. C.).

There is no merit in appellant's contention against the surrogate's power thus to construe this will, and still less as to her insistence upon a jury trial for such a question of construction.

I advise that the decree of the Surrogate's Court be affirmed, with costs to the three parties to this appeal payable out of the estate.

THOMAS, STAPLETON and MILLS, JJ., concurred; JENKS, P. J., not voting.

Decree of the Surrogate's Court of Kings county affirmed, with costs to the three parties to this appeal payable out of the estate.