In the Matter of the Judicial Settlement of the Account of Proceedings of JEPTHA VAN VLIET and JOHN J. SMITH, as Executors, etc., of ANNA VAN VLIET, Deceased.

JANE IDA ELIZABETH VICTORIA SPENCLEY LLOYD, Appellant; JEPTHA VAN VLIET and Another, as Executors, and Another, Respondents.

Second Department, February 21, 1918.

**Will — latent ambiguity in describing beneficiary — parol evidence to identify intended legatee — costs — discretion of Surrogate's Court.**

Where a testator in a will hastily prepared bequeathed a certain sum to " Jennie Spencley and $5,000 to Albert Spencley, the children of my brother Martin Spencley," and it appears that Jennie Spencley is the daughter of another brother, William Spencley, and had lived with deceased many years, and that the name of the daughter of Martin Spencley is Jane Ida Elizabeth Victoria Lloyd, and that she resides in Canada, said facts show a latent ambiguity, permitting the admission of parol evidence to identify the intended legatee.

Although costs are ordinarily in the discretion of the Surrogate's Court, an order, imposing full trial costs on a niece who was brought in by citation and appeared and contested an issue which had arisen through haste in making and executing the will, will be modified by striking out said costs.

APPEAL by Jane Ida Elizabeth Victoria Spencley Lloyd from a decree of the Surrogate's Court of the county of Queens, entered in the office of said Surrogate's Court on the 31st day of July, 1917, overruling objections to the accounts herein.

*Selden Bacon,* for the appellant.

*Rawdon W. Kellogg,* for the respondent Jennie Spencley.

*John Ewen,* for the respondents executors of the will of Anna Van Vliet, deceased.

PER CURIAM:

This will, made in haste, May 22, 1914, in its 10th clause bequeathed $10,000 to " Jennie Spencley and $5,000.00 to

Albert Spencley, the children of my brother, Martin Spencley.''
Respondent Jennie Spencley is the daughter of another brother, .
William Spencley.  She had lived with deceased many years.
Appellant is the daughter of Martin Spencley, but her name
is Jane Ida Elizabeth Victoria Lloyd.  She resides at Peter-·
borough, Canada, and had married William John Lloyd on
October · 31, 1888.  Notwithstanding the learned argument
for the appellant, we think the surrogate rightly held that
these facts showed a latent ambiguity which let in parol
evidence.  (*Matter of · Coughlin*, 171 App. Div. 662; affd., 220
N. Y. 681; *Baumann* v. *Steingester*, 213 id. 328.)  This parol
evidence, left with little contradiction, amply identified the
respondent as the intended legatee.

While costs are ordinarily in the discretion of the Surro-
gate's Court, it would seem a hardship for the full trial costs
to be imposed on this niece, who was brought in by citation
naming her as Jane I. E. V. Lloyd.  She appeared and con-
tested an issue which had arisen through the haste in making
and executing the will.  Hence the decree of the surrogate
is varied by striking out these costs as against appellant,
and, as thus modified, the decree of the Surrogate's Court
of Queens county is affirmed, without costs of appeal to
either party.

JENKS, P. J., THOMAS, PUTNAM, BLACKMAR and KELLY, JJ.,
concurred.

Decree of the Surrogate's Court of Queens county modified
by striking out the costs as against the appellant, and as
thus modified affirmed, without costs of appeal to either party.