In the Matter of the Construction of the Will of JAMES H. BRADLEY, Deceased.

Surrogate's Court, New York County, June 4, 1954.

*Earl E. Keyes* for Francis P. Bradley, as surviving trustee, and Cornelius Reing, as executor of Catherine T. Bradley, deceased executor and trustee, under the will of James H. Bradley, deceased, petitioners.

*Norman Sternlieb* for William French and others, respondents.

*Smith, Ranscht, Mitchell & Croake* for Elizabeth K. Dooling and another, respondents.

COLLINS, S. The thirtieth article of testator's will created a trust of his residuary estate for the benefit of his widow and disposed of the trust remainder, on her death, in fourteen shares. Subdivision (b) of that article bequeathed one of such shares in trust for the benefit of testator's aunt Mary Ann

Kenny, with the remainder payable on her death "to her daughter, MRS. WILLIAM FRENCH." Testator's aunt had one daughter, Margaret Kenny, who is living. Mrs. William French, now deceased, was testator's first cousin once removed. The problem thus presented is whether this remainder share is payable to Margaret Kenny, whom the will describes by lineage, or to the representatives of the late Mrs. William French, whom the will mentions by name.

No party suggests that extrinsic evidence be resorted to and it is doubtful that such evidence could provide an explanation for the contradictory text in the will or could disclose a testamentary purpose that is not apparent in the will. Extrinsic evidence may aid in the identification of a legatee by showing a testator's affection or esteem for a claimant or by showing a degree of interest or acquaintanceship that existed between a testator and a claimant. (*Baumann* v. *Steingester,* 213 N. Y. 328, 331; *Matter of Coughlin,* 171 App. Div. 662, affd. 220 N. Y. 681; *Matter of Van Vliet,* 181 App. Div. 879, affd. 224 N. Y. 572; *Matter of Carney,* 47 N. Y. S. 2d 399.) Here these factors are revealed in testator's will.

The will in several places mentions both Margaret Kenny and Mrs. French. The seventeenth article bequeathed $5,000 to testator's "first cousin" Mrs. Mary Ann Doran and in the event of her death to "her daughter, MRS. WILLIAM FRENCH." The nineteenth article bequeathed $5,000 in trust for "MARGARET KENNY, daughter of my aunt, Mary Ann Kenny" with principal payable to her in installments. The twenty-fifth article bequeathed $2,000 in trust for the benefit of testator's "second cousin, MRS. WILLIAM FRENCH, daughter of my first cousin, Mrs. Mary Ann Doran" with the principal payable in installments. Subdivision (b) of the thirtieth article contains the disposition here under consideration, subdivision (c) of that article bequeathed a one-fourteenth share of the principal of the residuary trust to testator's "first cousin, MARGARET KENNY" and subdivision (i) of the same article bequeathed an equal share to testator's "second cousin, MRS. WILLIAM FRENCH." It is clear from the portions of the will above referred to that testator well knew the objects of his bounty and their relationship to him. The discrepancy that crept into the will must be attributed to an error of the draftsman or scrivener and not to any uncertainty on testator's part as to the identity of the persons intended.

Testator's plan was not a complicated one. He provided outright bequests for some of his relatives, trust benefits for others

and both legacies and trust benefits for certain of them. Testator foresaw the possibility that relatives might not survive to enjoy his beneficence and, to meet such contingency, he provided substitutionary gifts to one or more members of the legatee's immediate family. If a legatee had a child, testator named such child as substitute legatee or remainderman. This type of disposition is found in the seventeenth, nineteenth and twenty-fifth articles of the will referred to above. Under the seventeenth article, the bequest was to Mrs. Doran and in the event of her death " to her daughter " Mrs. French. Consistently with the testamentary scheme it is to be found that in subdivision (b) of the thirtieth article testator intended a gift to Mrs. Kenny and in the event of her death " to her daughter " Margaret Kenny who inadvertently was misnamed Mrs. French in the will. A holding that Mrs. French was intended as the legatee not only would disregard the descriptive words " her daughter " but would be a departure from the evident purpose of testator to substitute a child as legatee or remainderman upon the death of his or her parent.

A further question of construction is raised as to other subdivisions of the thirtieth article but the language of the will poses no problem in this respect. It is apparent that testator intended that the portions of the estate disposed of in these subdivisions should augment earlier gifts in the will. The residuary share in subdivision (c) is payable to Margaret Kenny, the share in subdivision (d) is payable to Catherine B. Ring, the share in subdivision (e) is payable to the estate of Mary A. Doran, the share in subdivision (f) is payable to Margaret Healy, the share in subdivision (g) is payable to Helen Ring, the share in subdivision (h) is payable to Catherine Healy, the share in subdivision (i) is payable to the children of Mrs. William French, the share in subdivision (j) is payable to Julia Bradley and the share in subdivision (k) is payable to Catherine Healy and Margaret Healy.

The directions in the first article of the will that funeral and " testamentary " expenses be paid promptly can in no respect be regarded as a stipulation against apportionment of estate taxes pursuant to section 124 of the Decedent Estate Law (*Matter of Walbridge,* 170 Misc. 127).

The objections to the account will be heard on the 20th day of October, 1954, at 10:30 A.M.

Proceed accordingly.