*41 OPINION OF THE COURT
Millard L. Midonick, S.
This is an application by the decedent’s surviving spouse for a determination of the validity and effect of his election against the decedent’s will and for a construction of article Third of the decedent’s will.
The decedent died on May 30, 1977, leaving a gross estate of approximately $110,000 and leaving no issue surviving her. Article Third of the decedent’s will, dated April 3, 1967, provides for a "formula marital deduction” bequest in trust, with income thereof payable to the spouse for life, a direction that principal may be invaded for the benefit of the spouse and a general power of appointment is given to the spouse exercisable by will. The amount of the bequest is directed to be calculated through a determination of "an amount which shall be equal to the maximum marital deduction allowable in determining the Federal estate tax payable by reason of [decedent’s] death”. Since the assets of the estate will be less than $120,000, pursuant to the Tax Reform Act of 1976, a Federal estate tax proceeding will not be required with respect to the estate. Thus, no determination will be made of the "maximum marital deduction allowable” in a Federal estate tax proceeding.
The executor contends that either (1) the bequest to the spouse fails in its entirety because the disposition is conditional, thus disinheriting the spouse and forcing him to rely on his right of election of one half of the net estate under EPTL 5-1.1, or (2) the bequest is to be read as if the law in effect prior to the Tax Reform Act was applicable, thus giving the spouse an interest in a trust of an amount equal to 50% of the adjusted gross estate. The spouse contends that the Tax Reform Act marital deduction provisions apply and the entire estate should be placed in trust for his benefit, less $10,000 to be paid to him outright pursuant to EPTL 5-1.1 (subd [c], par [1], cl [D]) because the Tax Reform Act provides for a marital deduction share of $250,000 or 50% of the adjusted gross estate, whichever is greater. No one has disputed the spouse’s right to receive $10,000 outright pursuant to EPTL 5-1.1 (subd [c], par [1], cl [D]). However, the spouse’s contention that the trust be funded with the entire estate (less $10,000) cannot be sustained. The decedent’s intent must be ascertained from a reading of the words used and the provisions of her entire will (Matter of Fabbri, 2 NY2d 236). The decedent set up a trust *42 for her spouse of an amount equal to the maximum Federal marital deduction. The law in effect at the time of the execution of the will provided for a maximum marital deduction of 50% of the adjusted gross estate. Pursuant to a grace provision in the Tax Reform Act of 1976, discussed below, the law prior to the act applies to this will. Moreover, the decedent’s intent to limit the spouse’s trust to 50% of the adjusted gross estate is evidenced by her express disposition of the other 50% of her estate to other relatives.
The grace provision in the Tax Reform Act of 1976 (PI 94-455), referred to above, is section 2002 (subd [d], par [1], cl [B]) thereof which provides, in pertinent part, that the new law does not apply: (1) if a decedent dies after December 31, 1976 and before January 1, 1979, (2) property passes from the decedent under a will executed before January 1, 1977 which contains a formula expressly providing that the spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law, (3) the said formula was not amended after December 31, 1976 and before the decedent’s death and (4) the State does not adopt a statute construing this type of formula as referring to the marital deduction allowable by Federal law as amended by the Tax Reform Act. The facts in the present case satisfy all of the above provisions. Accordingly, this will is governed by the law in effect prior to the Tax Reform Act of 1976 which provided for a Federal maximum marital deduction of 50% of the adjusted gross estate.
It is this court’s opinion that the use of the Federal marital deduction for determining the amount to be placed in trust for the spouse does not condition the funding of the trust upon the filing of a Federal estate tax return. The decedent was merely referring to the maximum marital deduction amount to effectuate an intent to give her spouse 50% of her adjusted gross estate pursuant to the Federal tax law in effect at the time she drew the will which remained the law in effect at the time of her death by reason of the grace provision of Tax Reform Act of 1976 (§ 2002, subd [d], par [1], cl [B] set forth above).
Accordingly, article Third of the decedent’s will is construed to provide for the creation of a trust to be funded with an amount equal to 50% of the decedent’s adjusted gross estate, less $10,000 to be paid outright to the decedent’s surviving spouse.