OPINION OF THE COURT
Arnold F. Ciaccio, J.
In this proceeding to settle the executor’s accounts, decedent’s surviving spouse seeks a construction that the decedent’s "two trust” marital-deduction will, be construed to afford the surviving spouse the entire estate in trust to her so as to qualify for an unlimited marital deduction under the legislation enacted in 1981 (Economic Recovery Tax Act of 1981 [ERTA], Pub L 97-34). The issue, simply stated, is whether the decedent’s will should be construed to give the surviving spouse an amount (in trust) which would qualify for *273 the unlimited marital deduction for Federal estate tax purposes and effectively eliminate a residuary trust for the benefit of decedent’s children.
The decedent Dr. Sydney Stonehill died on November 10, 1983. His will had been executed on April 8, 1980, prior to the enactment of the ERTA changes as set out in Internal Revenue Code (26 USC) § 2056 dealing with marital deduction. In addition to the surviving spouse, Lucille Stonehill, Dr. Stone-hill was survived by two grown children of a prior marriage as well as four children of the second marriage to the surviving spouse, Lucille.
The will established a legacy for a son, Ari Stonehill, and then provided for the residue to be divided into a Part A, a so-called marital trust, in an amount "equal to the maximum marital deduction allowable by the United States estate tax by reason of my death”. In typical pre-1981 fashion, a remainder or family trust was created providing for income to the surviving spouse which upon her death or remarriage would terminate and be divided into equal shares for the benefit of decedent’s then living children (with the exception of the daughter Karen).
In addition to the petition for construction, the surviving spouse Lucille Stonehill has filed objections to the account. Most of the enumerated objections either have been resolved or withdrawn — except for those entwined in the construction request and the resultant payment of estate taxes by the executor based upon its interpretation of the marital deduction provision in the will, with respect to which there is a request for surcharge and interest stemming from the approximately $60,000 of tax payments as made.
The surviving spouse contends that the executor has improperly and inappropriately followed the language of the decedent’s will in utilizing the pre-1981 formula in assigning assets to the marital trust. It is her contention that the entire residuary estate should have been assigned to a marital trust thus affording a maximum marital deduction.
It is the executor respondent’s position that the will is plain and unambiguous and mandates a division of the residue into two separate trusts — the marital trust for the sole benefit of the surviving spouse with power of appointment and a residual trust, the income from which would go to the spouse but ultimately would be distributed to the children of both marriages with the exception of the daughter Karen.
*274 The circumstances of this will bring it squarely within the purview of the transition rule of the Economic Recovery Tax Act of 1981. The amount passing to the surviving spouse depends on the testator’s intent, determined by reference to the Federal law as of the date when the will was executed even if a different amount could qualify for the deduction by reason of later changes in the law. (Reynolds v Russell, 433 A2d 699 [Del].)
The 1981 act provided that the unlimited marital deduction was not to apply to transfers resulting from a will executed before September 12, 1981, that contains a formula marital deduction clause where State law would not construe a formula clause as referring to the unlimited marital deduction. New York has followed this transitional rule and Dr. Stonehill did not amend his will to refer specifically to an unlimited marital deduction prior to his death in 1983.
In the instant proceeding, the court finds the language of the decedent’s will as unambiguous. While the court can assume that among testator’s intentions was one to attempt to reduce Federal estate taxes to the smallest amount possible (Matter of Lepore, 128 Misc 2d 250), several other concerns are indicated, as well. The will reflects an intent to benefit the surviving spouse. All household effects and personal property are bequeathed to her. She is made the beneficiary of the marital and family trusts with a power of appointment over the marital trust. She is not, however, nominated as a fiduciary. The court is under the constraints to afford a general preference when construing a will toward a determination most favorable to the surviving spouse. (Matter of Berger, 57 AD2d 591.)
The will reflects an intention, as well, to afford beneficial interests to the decedent’s children including those from a prior marriage. The second residuary trust is terminable in the event of the death and remarriage of the surviving spouse.
Thus, the court is confronted with the necessity to make its construction within the conflicting interests and concerns as presented.
It has long been held that in these construction proceedings to determine the effect of the provisions of a will, the court’s principal concern is the testator’s intent. (Matter of Kosek, 31 NY2d 475.) The will must be examined as a whole with particular attention to the decedent’s testamentary plan. (Matter of Fabbri, 2 NY2d 236, 240.) When there is no ambigú *275 ity the court is restricted to the four corners of the will including the family circumstances at the time of execution. (Matter of Coughlin, 171 App Div 662.)
The instant case is distinguishable from Matter of Khadad (135 Misc 2d 67). In Khadad the children and grandchildren of the decedent, who are the beneficiaries of the Part B residuary trust, consented to the relief (for unlimited marital deduction). Such total consent is not present here. While taxes are certainly a concern in a proceeding of this kind, they cannot be the sole determinative factor. Thus, if the construction proposed by the decedent be adopted by the court, the size of decedent’s estate will be increased by some $60,000. Nevertheless to accept that proposed construction would be to disinherit decedent’s children from any beneficial interest in his estate — leaving them dependent solely on the surviving spouse’s beneficence in the execution of her power of appointment.
It is significant to the court that the decedent included remarriage of his surviving spouse as a terminating event to the residuary trust. The construction urged by surviving spouse would nullify this condition.
On balance and on the totality of this record, the court construes the will so as to determine that Chase Lincoln First Bank, N. A., as executor of decedent’s estate, properly determined that the unlimited marital deduction did not apply and that as a consequence its calculation and payment of Federal and State estate taxes was proper. All objections with respect to the inappropriate or improper payment of estate taxes are dismissed. The requests for surcharge are denied. The account is settled as submitted with fees and commissions approved as requested. The guardian ad litem is directed to submit an affirmation of services rendered for purposes of fee fixation for him.