*651 OPINION OF THE COURT
Eugene M. Hanofee, J.
This is a proceeding brought on by the coexecutors of the last will and testament of William O. Hickok, VI, for construction of paragraph I of article third of the last will and testament herein, which provides for the creation of a marital deduction trust. By necessary implication, this court must also construe the provisions of paragraph II of article third of the will, whereby the decedent herein created a family trust.
The decedent, William O. Hickok, VI, died on January 16, 1987, domiciled in the Village of Goshen, County of Orange, and State of New York, leaving a last will and testament dated May 13, 1966 and a codicil thereto dated February 4, 1986. Paragraph I of article third, as republished by such codicil, provides for the creation of a marital deduction trust consisting of "that fractional part of my residuary estate which shall be needed to obtain the maximum marital deduction allowable in determining the Federal Estate Tax payable by my estate under the laws in effect at the time of my death”. Paragraph II of article third of this will, as republished by the codicil, provides for the creation of a family trust which "shall consist of the balance of my residuary estate remaining after the payment therefrom of taxes and duties as provided in Article sixth of this will”. In this proceeding, the respondent, Margo M. Hickok, is the decedent’s second wife, his first wife having died in 1961. The respondents, Ann H. Meia, Janet H. Ritter, Louise H. Snyder and William O. Hickok, VII, are decedent’s children by his first wife. The respondent, Neil M. Hickok, is the decedent’s child by his marriage to the respondent, Margo M. Hickok, but has not appeared in this proceeding.
At the time the instant will was executed in 1966, the Internal Revenue Code provided for deduction of up to 50% of the adjusted gross estate for all property passing to the surviving spouse, whether outright or by way of a trust where the income was payable to the surviving spouse, provided he or she was granted an unlimited power to appoint the principal upon death. The Tax Reform Act of 1976 changed the limits of the marital deduction to 50% or $250,000, whichever sum was greater. A transitional rule applied in the Tax Reform Act of 1976 so that the new law did not apply to a will or trust created before January 1, 1977, containing a formula expressly providing that the spouse was to receive the maxi *652 mum amount of property qualifying for the marital deduction allowable by Federal law. However, effective January 1, 1987, the Economic Recovery Tax Act of 1981 (Pub L 97-34; hereinafter referred to as ERTA) increased the amount of the exemption from a Federal estate tax by use of a credit equivalent to $600,000. Simultaneously therewith, the United States Congress enacted an unlimited marital deduction as to all property passing outright to a surviving spouse or under certain trusts, effective as to decedents dying on or after January 1, 1982. Section 403 of ERTA provides a transitional rule as regards the unlimited marital deduction. In pertinent part, as applicable to this case, the transitional rule of section 403 of ERTA provides that the 50%/$250,000 marital deduction will continue to apply if the decedent dies after December 31, 1981 and the formula clause of said will is not amended before the death of the decedent to refer specifically to an unlimited marital deduction, and there is not enacted a State law, applicable to the estate, which would construe the formula clause as referring to the increased marital deduction as amended by ERTA.
It is clear from a review of this will and codicil that the circumstances thereof bring it squarely within the purview of the transition rule of ERTA (Matter of Stonehill, 136 Misc 2d 272 [Sur Ct, Monroe County 1987]; Reynolds v Russell, 433 A2d 699 [Del Ch, Sussex County 1981]). Therefore, as the decedent herein did not amend his will to refer to the unlimited marital deduction and because the State of New York has not enacted a statute which would construe the formula clause as referring to the unlimited marital deduction, the ERTA provisions must apply squarely to this will, necessitating that the 50% ($250,000 marital deduction limit must apply.
This court is constrained to further comment on the language contained in the marital deduction trust, to wit: "payable by my estate under the laws in effect at the time of my death”. In a proceeding seeking construction of the effect of provisions of a will, the Surrogate’s Court’s principal concern must be the testator’s intent (Matter of Kosek, 31 NY2d 475 [1973]; Matter of Khadad, 135 Misc 2d 67 [Sur Ct, Nassau County 1987]). As such, regarding construction, a will must be examined as a whole, with particular attention to the decedent’s testamentary plan and said intent being ascertained from a reading of the words used and the provisions of the entire will (Matter of Fabbri, 2 NY2d 236 [1957]; Matter of *653 Schwartz, 92 Misc 2d 40 [Sur Ct, NY County 1977]). In the absence of ambiguous language contained within the will, the court is restricted to the four corners of the will, including the family circumstances at the time of the execution thereof (Matter of Coughlin, 171 App Div 662 [2d Dept 1916]).
This court is of the opinion that the language of the instant will, "under the laws in effect at the time of my death”, is unambiguous. However, this court is faced with a situation wherein there are several other concerns indicated in the will as well. Firstly, this court can fairly assume that among the decedent’s intentions was an attempt to reduce Federal estate taxes to the smallest amount possible. However, secondly, the will reflects an intent to benefit the surviving spouse as well as a further intention to afford beneficial interests to the decedent’s children, including those from a prior marriage. If this court were to construe paragraph I of article third of this will so as to provide an unlimited marital deduction, the effect thereof would be to disinherit the decedent’s children from any beneficial interest in his estate. Paragraphs I and II of article third of this will clearly create two trusts, a marital deduction trust and family trust, each having separate fractional shares of the residuary of this estate. The will and codicil thereto, by their language, as well assumes that both trusts would be funded. As such, the competing concerns present in the instant proceeding dictate to this court that the proper construction of the marital deduction trust herein should not be of an unlimited character under ERTA.
Accordingly, for the reasons set forth above and based on the totality of the instant record, this court construes the last will and testament of William O. Hickok, VI, deceased, to the effect that the testator did not intend to disinherit his children and that the marital deduction trust created in paragraph I of article third should be funded by one half of the adjusted gross estate of the decedent, reduced by the value of the properties that passed to the decedent’s spouse as of the date of the death of this decedent.