OPINION OF THE COURT
C. Raymond Radican, J.
This is a request for a construction of the will which was incorporated in the original probate petition. The will having been admitted to probate, the construction can now be addressed. Article third of the will places one half of the adjusted gross estate in trust for the benefit of the surviving spouse. The relevant portion of the will describes the bequest as follows: "an amount which * * * shall equal one-half of the *380 value of my adjusted gross estate as defined in Section 2056 of [the Internal Revenue Code (26 USQ], or in such other statutory provision as shall correspond thereto at the time of my death. It is my intention to obtain the maximum marital deduction under the provisions of such section of such code.”
Article fourth of the will disposes of the balance of the estate in trust, with the income payable to the surviving spouse and descendants and remainder to surviving issue per stirpes.
While the Economic Recovery Tax Act of 1981 (ERTA; Pub L 97-34) provided for an unlimited marital deduction, it also enacted what is known as the transitional rule, limiting the application of the unlimited marital deduction for a will executed prior to September 12, 1981, which contains a formula expressly providing that the surviving spouse is to receive the maximum amount of property qualifying for the marital deduction allowable by Federal law (ERTA § 403 [e] [3]). Decedent’s will here was executed on May 18, 1961, and his death occurred on June 3, 1988, having made no amendments or codicils to his will.
The transitional rule was enacted to insure that the new provisions of law permitting an unlimited marital deduction would not modify the estate plans of testators who had drawn wills in reliance on the prior maximum allowable marital deduction which was limited to the greater of $250,000 or half the "adjusted gross estate” (Internal Revenue Code former § 2056 [c] [1] [A] [ii]). Initially, the surviving spouse had requested that the article third trust for her benefit be excepted from the application of the transitional rule, and that such trust be construed as an unlimited marital deduction, in effect nullifying the article fourth family trust.
Following a conference on this matter, the surviving spouse has withdrawn her request and consents to an interpretation of the will limiting the amount of the bequest in article third to one half of the adjusted gross estate. The court concurs in that interpretation. It is clear that the article third bequest is limited to one half of the adjusted gross estate, and it is not phrased simply in the context of a maximum marital deduction clause. Moreover, the language fixing the bequest in terms of section 2056 of the Internal Revenue Code, "or in such other statutory provision as shall correspond thereto at the time of my death”, does not refer to the quantity of the property used to fund the marital trust, but merely an intent *381 that the property allocated to the trust qualify for the marital deduction. Under such circumstances, the transitional rule applies, and the surviving spouse is not entitled to an unlimited marital deduction (Tech Adv Mem 8,840,002; Tech Adv Mem 8,837,002; Tech Adv Mem 8,750,003; see also, Matter of Hickok, 140 Misc 2d 650; cf., Matter of Khadad, 135 Misc 2d 67). The article third bequest is accordingly construed as providing for an amount equal to one half of the adjusted gross estate.
Letters of trusteeship will issue to the surviving spouse and two adult children upon filing a bond in the sum of $200,000.