■ In the Matter of the Estate of WILLIAM O. HICKOK, VI, Deceased. MARGO M. HICKOK, Appellant; ANN H. MEIA et al.,

Respondents, et al., Petitioners.█

We agree with the conclusion of the Surrogate's Court that the will and codicil which are the subject of the instant proceeding are governed by the transition rule set forth in Economic Recovery Tax Act of 1981 (hereinafter ERTA; Pub L 97-34) which provides that the marital deduction provided for in 26 USC former § 2056 of $25,000 or 50% of the adjusted gross estate, whichever is greater, would continue to apply in cases where the death occurred after December 31, 1981, and the maximum marital deduction formula clause was not amended in the will to refer specifically to the unlimited marital deduction. The appellant contends that because the will specifically provided for application of the law in effect at the time of the testator's death, and because the will was republished by codicil after the effective date of ERTA, the unlimited marital deduction allowed by ERTA should apply. We find these arguments unpersuasive. The law in effect at the time of the testator's death required that a testator amend the will to specify an intent to utilize the unlimited marital deduction. A republishing of the will by codicil without altering the "law at the date of death" clause does not fulfill the requirement of specifically referring to the unlimited marital deduction.

Furthermore, upon examining the will as a whole, the decedent's testamentary plan, demonstrated by the establishment of a marital deduction trust and a family trust, indicates a clear intent to establish bequests for his surviving children as well as his surviving spouse *(see, Reynolds v Russell,* 433 A2d 699 [Del]; *Matter of Stonehill,* 136 Misc 2d 272). Thompson, J. P., Bracken, Brown and Kunzeman, JJ., concur. *[See,* 140 Misc 2d 650.]